UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 13 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **ARTHUR LARSON**<br>Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§<br>§ | CIVIL ACTION NO. **B-03-038** |
| **JOHNSON ELECTRIC AUTOMOTIVE, INC.**<br>Defendant | §<br>§<br>§<br>§ | (JURY REQUESTED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, ARTHUR LARSON** (hereinafter referred to as "Plaintiff") and hereby files this his original complaint (hereinafter "complaint") complaining of JOHNSON ELECTRIC AUTOMOTIVE, INC., (hereinafter "the defendant corporation"), and would show unto the Court as follows:

### I.

### PARTIES

Plaintiff, ARTHUR LARSON is an individual who resides in Cameron County, Texas.

Defendant, JOHNSON ELECTRIC AUTOMOTIVE, INC., is a corporation duly licensed to conduct business in the State of Texas and may be served with process by serving its registered agent, CT Corp at 1021 Main St., Suite 1150, Houston, Texas 77002.

## II.

## JURISDICTION AND VENUE

Defendant, JOHNSON ELECTRIC AUTOMOTIVE, INC. is a foreign corporation and was doing business in the Southern District of Texas at all times relevant to this lawsuit and did business in Brownsville, Cameron County, Texas that caused the incident that is the subject of this lawsuit. There is diversity of citizenship between the parties. Therefore, jurisdiction and venue are proper in the Southern District of Texas. As a proximate result of the incident, damages in excess of the minimum jurisdictional limits of this court were incurred by Plaintiff.

## III.

## FACTUAL BACKGROUND

Plaintiff accepted employment with Defendant in August 1974. During employment with Defendant, the Plaintiff performed all the duties assigned to him with loyalty, dedication and hard work for a period in excess of twenty five (25) years. While in the course and scope of his employment with Defendant, the Plaintiff was diagnosed with a severe depression which seriously impaired his major life activities. Plaintiff was eventually able to return to work with restrictions. Although it was Plaintiff's ambition to have an extended career and retire with the Defendant, those ambitions were thwarted when Plaintiff was discriminatorily targeted and ultimately discharged because of his disability (mental illness) and age. Plaintiff was fired on October 31, 2001.

At the time of the Plaintiff's discharge, he was 46 years old and qualified to perform his job. Plaintiff would allege that notwithstanding Plaintiff's ability to satisfactorily perform

his job, he was discharged. Plaintiff further alleges that members outside the protected class (ages 40 - 70) and those members not suffering from a disability were treated more favorably.

Plaintiff asserts that to deny him employment on the basis of his age and disability is an illegal employment practice of which he complains.

As a result of the conduct described herein, Plaintiff ARTHUR LARSON is entitled to the damages listed below.

## IV.

## ADMINISTRATIVE PROCEDURES

Within 300 days of the occurrence of the acts complained of, Plaintiff filed his initial complaint with the Equal Employment Opportunity Commission, alleging that the Defendant employer had committed an unlawful employment practice against the Plaintiff in violation of the Americans with Disabilities Act and the Age Discrimination in Employment Act. The formal charge and the "Notice of Suit Rights" were filed and received as follows:

Formal Complaint Filed:   July 3, 2002

Notice of Suit Rights Letter Received:   November 25, 2002

On November 25, 2002, Plaintiff received from the Equal Employment Opportunity Commission, Plaintiff's Notice of Suit Rights letter allowing the Plaintiff to file this lawsuit within ninety days of its receipt. Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set

forth by law. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## V.

## PLAINTIFF, ARTHUR LARSON'S CAUSE OF ACTION AGAINST THE DEFENDANT CORPORATION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

Plaintiff Arthur Larson pleads a cause of action against the defendant corporation for breach of the Americans with Disabilities Act. The allegations contained in all of the paragraphs of this "complaint" are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as is set forth verbatim.

The Plaintiff asserts that he was discriminated against on the basis of his disability (mental illness). As such this employee falls within a protected class under the American with Disabilities Act of 1990. The Defendant is an employer with at least fifteen employees, subjecting itself to coverage under the Act. The conduct of the Defendant complained of constituted unlawful discrimination on the basis of the Plaintiff's disability (mental illness). Plaintiff asserts that members outside the protected class were treated more favorably. Plaintiff asserts that he was able to satisfactorily perform his job, with little or no accommodation, if he had not been discharged. Defendants, its agents, servants, and employees improperly permitted such discriminatory and retaliatory conduct to exist. As such, Plaintiff sues the corporate Defendant, for the acts of its managers, supervisors, employees and agents.

## VI.

## PLAINTIFF, ARTHUR LARSON'S CAUSE OF ACTION AGAINST THE DEFENDANT CORPORATION: <u>VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C.</u>

Plaintiff Arthur Larson further pleads a cause of action against the defendant corporation for breach of the Age Discrimination in Employment Act, 29 U.S.C. §§622, 623(a). The allegations contained in all of the paragraphs of this "complaint" are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as is set forth verbatim.

The Plaintiff asserts that he was discriminated against on the basis of his *age*. As such, this employee falls within a protected class (ages 40 - 70) under the Age Discrimination in Employment Act. The Defendant is an employer with at least fifteen employees, subjecting itself to coverage under the Act. The conduct of the defendant complained of constituted unlawful discrimination on the basis of the age of the Plaintiff. Plaintiff asserts that members outside the protected age class were treated more favorably. Plaintiff asserts that he was able to satisfactorily perform his job if he had not been discharged. Defendant, its agents, servants, and employees improperly permitted such discriminatory and retaliatory conduct to exist. As such, Plaintiff sues the corporate Defendant for the acts of its managers, supervisors, employees and agents.

## VII.

## PLAINTIFF, ARTHUR LARSON'S CAUSE OF ACTION AGAINST THE DEFENDANT CORPORATION: <u>VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. §2615(a)(1)</u>

Plaintiff, Arthur Larson further pleads a cause of action against the defendant corporation for breach of the Family and Medical Leave Act states that "it shall be unlawful for any employer to interfere with, restrain or deny the exercise of, or the attempt to exercise, any right provided under the subchapter." 29 U.S.C. §2615(a)(1). Defendant Corporation committed numerous acts made illegal by this provision, ultimately leading to the termination of Plaintiff's employment with Defendant.

Defendant Corporation violated the Family and Medical Leave Act's prohibition against interference with rights afforded by the statute. At the time of his termination and before, Plaintiff had a "serious health condition" as that term is defined under the FMLA.

Plaintiff, under the statute, had twelve weeks of protected FMLA leave that he was entitled to have taken during this time of crisis in his life.

Defendant Corporation's violation of the FMLA was done with malice or with reckless disregard for the statutorily protected rights of Plaintiff. Defendant Corporation was aware of its statutory obligations and Plaintiff's rights under the statute.

In any event, the FMLA provides strict liability for violations of 29 U.S.C. §2615(a)(1). *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999). Section 2615(a)(1) of the FMLA is a strict liability provision, as to which employer's intent simply does not matter. *Nero*, 167 F.3d at 927.

The FMLA makes it unlawful "for any employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under [the FMLA]. 29 U.S.C. §2615(a)(1). The Department of Labor's regulations established that there is a particularly low threshold for determining what employer conduct might constitute interference. Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA, but discouraging an employee from using such leave. 29 C.F.R. §825.220(b).

Plaintiff sustained a "serious health condition," under the FMLA, 29 U.S.C. §2611(11), which includes "illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a healthcare provider."

The FMLA statutory benefit is a mandatory benefit. 29 U.S.C. §2612(a)(1). The leave itself is an entitlement. There is no statutory requirement that the employee request it, unless it is for a plan treatment for a serious health condition and the leave is foreseeable. 29 U.S.C. §2612(e)(2); 29 C.F.R. §825.303.

## VIII.

### PLAINTIFF ARTHUR LARSON'S CAUSE OF ACTION AGAINST THE DEFENDANT CORPORATION FOR NEGLIGENCE

Plaintiff Arthur Larson further pleads a cause of action against the defendant corporation for negligence. The allegations contained in all the paragraphs of this "complaint" are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as is set forth verbatim.

On the occasion in question, the defendant corporation owed a duty to Plaintiff Arthur Larson to exercise reasonably prudent and ordinary care in overseeing Plaintiff's

employment with the defendant corporation. The defendant corporation violated this duty by negligently investigating the facts and circumstances of Mr. Larson's discharge and by failing to act as a reasonably prudent person would have under the same or similar circumstances.

Each of the above referenced acts and omissions, singularly or in combination with others, constituted negligence that proximately caused the damages suffered by Plaintiff Arthur Larson. Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court.

### IX.

### PLAINTIFF ARTHUR LARSON'S CAUSE OF ACTION AGAINST THE DEFENDANT CORPORATION: <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

Plaintiff Arthur Larson, further pleads a cause of action against the defendant corporation for intentional infliction of emotional distress. The allegations contained in all the paragraphs of this "complaint" are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as is set forth verbatim.

As a result of the actions, omissions and policies of the defendant corporation, Plaintiff Arthur Larson has suffered or will suffer past, present and future severe emotional distress. The defendant corporation by and through its officers and directors, including but not limited to, Michael Gatt and Heather Engel, acted intentionally and recklessly; their individual and collective conduct was extreme and outrageous in that it surpassed all possible bounds of decency and is utterly intolerable in a civilized community. Further, the

actions of the defendant corporation caused the Plaintiff severe emotional distress and the outrageous conduct was committed without privilege, permission or consent.

## X.

## ACTUAL DAMAGES

As a result of the incident made the basis of this lawsuit, Plaintiff, Arthur Larson, has incurred actual damages in the following respects:

### Lost Earnings and Special Damages:

At the time of the incident complained of, Plaintiff, Arthur Larson, was gainfully employed. As a proximate result of the wrongful and fraudulent acts of the Defendant corporation, Plaintiff, Arthur Larson, was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues. As a result of the wrongful and fraudulent acts of the Defendant corporation, Plaintiff's earnings, retirement and capacity to earn a livelihood were severely impaired and such wrongful acts of the Defendant corporation have damaged the Plaintiff's reputation. In all reasonable probability, Plaintiff's loss of earnings, loss of earning capacity and damage to his credit reputation will continue long into the future, if not for the balance of Plaintiff's natural life. Plaintiff therefore sues for any lost earnings, in the form of back pay, lost wages, lost over-time, lost commissions, lost pay raises, lost profit sharing, lost stock options, front pay, annual vacation pay, loss of the capacity to enjoy life, retirement benefits, health coverage, fringe benefits, lost future earnings and/or diminished earning capacity, to the extent permitted by law, and loss of credit reputation due to the acts complained of above.

### Past and Future Mental Anguish

As a result of the incidents described above, that is made the basis of this suit, and to the extent not inconsistent with theories and remedies alleged herein, Plaintiff, Arthur Larson, has suffered physical injury as well as severe mental pain and anguish. Plaintiff, Arthur Larson, has suffered feelings of anxiety, worthlessness, embarrassment, and inferiority. Plaintiff, Arthur Larson, has further suffered ill-effects including, but not limited to, sleeplessness, loss of self esteem, and depression due to his termination. In all reasonable probability, Plaintiff, Arthur Larson, will continue to suffer such severe mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life.

### XI.

### PUNITIVE/EXEMPLARY DAMAGES

As a consequence of the foregoing clear and convincing facts and the willful and malicious nature of the wrongs committed against Plaintiff Arthur Larson, Plaintiff is entitled to exemplary damages in excess of the minimum jurisdictional limits of this Court. The conduct of the Defendant corporation, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of spite, ill-will, fraudulent and malicious intent held by the Defendant corporation towards the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to Plaintiff. Accordingly, the Defendant corporation acted with malice, actual malice and/or a specific intent to injure the Plaintiff. Plaintiff, Arthur Larson, is hereby entitled to recover

exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant corporation and its management in the future. Accordingly, Plaintiff, Arthur Larson, requests that punitive damages be awarded against the Defendant corporation as a result of its egregious violations of the law.

## XII.

## ATTORNEY'S FEES

By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that he has employed the undersigned attorney to assist him in the prosecution of this action. Plaintiff further seeks an upward adjustment or enhancement to the loadstar amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, plaintiff fully expects that the defendant will appeal this case. Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## XIII.

## EXEMPLARY DAMAGES

The conduct of the Defendant was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of spite, ill will and malicious intent held by the defendant's management towards the Plaintiff, such management acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff. The defendant accordingly acted with malice, actual malice and/or specific intent to injure the Plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the defendant as a result of their egregious violations of the law.

## XIV.

## JURY DEMAND

Plaintiff Arthur Larson, requests that this Court empanel a lawful jury to hear this case.

## XV.

## RESERVATION OF RIGHTS

Plaintiff Arthur Larson specifically reserves the right to bring additional causes of action against the defendant corporation and to amend this "complaint" as necessary.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff ARTHUR LARSON prays that the Defendant Corporation be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of the Plaintiff against Defendant in an amount in excess of the minimum jurisdictional limits of this Court, for compensatory damages, punitive damages, reasonable attorney's fees, reasonable paralegal fees, cost of Court and pre and post judgment interest at the highest rate allowed by law, and also enter an order revoking any license enabling the Defendant Corporation to operate in Texas and revoking any certificate authorizing the Defendant to do business in Texas if any judgment rendered in this case has not been satisfied within three months from the date of filing of the final judgment. Additionally, Plaintiff Arthur Larson prays for such other and further relief, general or special, at law or in equity, to which he may be justly entitled to received.

Signed ___ February 2003

Respectfully submitted

**THE LAW OFFICES OF
CARLOS E. HERNANDEZ, JR., P.C.**
2025 Central Blvd, Suite B
Brownsville, Texas 78520
Telephone: (956) 542-1485
Facsimile: (956) 542-0904

By: _____
Carlos E. Hernandez, Jr.
State Bar No. 00787684
Federal Bar No. 17022

Attorneys for Plaintiff
Arthur Larson