4

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUN 2 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARTHUR LARSON | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO.  B - 03 - 038 |
| | § | |
| | § | |
| | § | |
| JOHNSON ELECTRIC AUTOMOTIVE, | § | (JURY REQUESTED) |
| INC. | § | |
| Defendant | § | |

**MOTION TO APPEAR FOR ATTORNEY IN CHARGE**

**TO THE HONORABLE JUDGE TAGLE:**

COMES NOW, MOVANT, **CARLOS E.  HERNANDEZ, JR., Attorney- in-Charge**

for **ARTHUR LARSON** and hereby files this his Motion to Allow Attorney Annette Hinojosa

to appear in his place at the hearing scheduled for Monday, June 23, 2003 at 1:30 p.m.

**I.**

On Friday, June 20, 2003, at 4:30 p.m., Attorney Carlos E.  Hernandez, Jr.  received

a telephone call from Estella Cavazos, Case Manager for the Honorable Judge Hilda Tagle

informing him that a hearing was set on the above referenced case on Monday, June 23,

2003 at 1:30 p.m.  Mr.  Hernandez informed Ms.  Cavazos that he did not have notice of

this setting, the setting was not on his calendar and that he has been scheduled to be in

Vail, Colorado at the National Employment Lawyers Association Annual Convention and

Employment Law Seminar from June 23 through July 1, 2003.

At that time, Mr. Hernandez told Ms. Cavazos that he would try to reschedule his trip and would appear in court on Monday. However, after checking with the travel agency, Mr. Hernandez learned that his tickets are non refundable and any rescheduling would require a full unrestricted fare. Attached to this motion as Exhibit "A" are copies of the flight itineraries for Carlos and Sophia Hernandez.

In light of the foregoing, Movant Carlos E. Hernandez, Jr. respectfully requests that this Honorable Court allow Annette Hinojosa to appear for the limited purpose of attending this hearing.

II.

With regard to service of the Defendant, Johnson Electric Automotive, Inc., counsel would inform the Court that on or about February 13, 2003, the Summons in a Civil Action was prepared by G. Mendieta, Deputy Clerk to Michael N. Milby. On or about February 17, 2003, the executed Summons along with a copy of the above-referenced lawsuit was forwarded via certified mail, return receipt requested, no. 7002 1000 0004 8587 8051, to Defendant Johnson Electric Automotive, Inc. by and through its registered agent, C.T. Corp. 1021 Main Street, Suite 1150, Houston, Texas, 77002.

On or about February 21, 2003, C.T. Corporation received the Summons and Complaint with a jury request. On February 24, 2003, C.T. Corporation wrote to counsel for Arthur Larson and reported the following: Upon checking our records and the records of the Secretary of State of Texas, it has been determined that Johnson Electric Automotive, Inc. withdrew from doing business in the State of Texas on December 28, 2001. When a company withdraws, the designation of the registered agent is revoked and

service can no longer be accepted. According to Secretary of State, the address for the forwarding of service of process for this company is Johnson Electric Automotive, Inc., 47660 Halyard Dr., Plymouth, MI 48170.

The February 24, 2003 letter from C.T. Corporation was signed by Lynne W. Key, Senior Process Specialist and was sent to counsel via two day Federal Express. The Federal Express package containing the original Summons and Complaint was received by counsel on Wednesday, February 26, 2003.

On or about Monday, March 3, 2003, the C.T. Corporation letter along with the original Summons and Complaint with jury request was forwarded via certified mail, return receipt requested, no. 7002 1000 0004 8587 7986, to Johnson Electric Automotive, Inc., 47660 Halyard Drive, Plymouth, MI 48170.

On or about March 7, 2003, C. Peterson, acting on behalf of Johnson Electric Automotive Inc., signed the U.S. Postal domestic return receipt no. 7002 1000 0004 8587 7986. Based on the foregoing and in light of the attached original documents labeled collectively as Exhibit "B", service has been effectuated on Defendant Johnson Electric Automotive, Inc.

**WHEREFORE PREMISES CONSIDERED**, Movant Carlos E. Hernandez, Jr., Attorney in charge for Plaintiff ARTHUR LARSON prays that this Honorable Court allow Annette Hinojosa to appear in his place at the hearing scheduled for Monday, June 23,

-3-

2003 at 1:30 p.m.   Additionally, Plaintiff Arthur Larson prays for such other and further relief, general or special, at law or in equity, to which he may be justly entitled to receive.

Signed June 21,  2003

Respectfully submitted,

**THE LAW OFFICES OF**
**CARLOS E. HERNANDEZ, JR., P.C.**
2025 Central Blvd, Suite B
Brownsville, Texas 78520
Telephone: (956) 542-1485
Facsimile: (956) 542-0904

By:_____
     Carlos E. Hernandez, Jr.
     State Bar No. 00787681
     Federal Bar No. 17022

     Attorney for Plaintiff
     Arthur Larson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served on the following, to wit:

**Via CMRRR 7002 2410 0007 1672 5598**
C. Peterson
Johnson Electric Automotive, Inc.
47660 Halyard
Portsmouth, MI 48170

by depositing same in the care and custody of the United States Postal Service, by regular mail, unless otherwise specifically specified herein, on the 21 day of June, 2003.

_____
Carlos E. Hernandez, Jr.

## VERIFICATION

**STATE OF TEXAS**                     §
                                       §
**COUNTY OF CAMERON**                  §

Before me, the undersigned notary, on this day, personally appeared Carlos Hernandez, Jr., a person whose name is known to me. After I administered an oath to him, upon his oath, he stated that he has read his Motion to Allow Attorney Annette Hinojosa to appear in his place at the hearing scheduled for Monday, June 23, 2003 at 1:30 p.m. and that the facts stated in it are within his personal knowledge and are true and correct.

_____
Carlos E. Hernandez, Jr.

**SUBSCRIBED AND SWORN TO BEFORE ME**, the undersigned authority, on this 21ˢᵗ day of June ,2003 to certify which witness my hand and seal of office.

_Maria E. Portillo_
_____
**NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS**

MARIA E. PORTILLO
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
SEPTEMBER 30, 2006

-6-

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ARTHUR LARSON** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO.  B - 03 - 038** |
| | § | |
| | § | |
| | § | |
| **JOHNSON ELECTRIC AUTOMOTIVE,** | § | **(JURY REQUESTED)** |
| **INC.** | § | |
| **Defendant** | § | |

---

### ORDER ALLOWING ATTORNEY ANNETTE HINOJOSA TO APPEAR
### IN PLACE OF ATTORNEY IN CHARGE

---

**BE IT REMEMBERED,** that on this _____ day of _____, 2003, came

on  to be heard Movant Carlos E.  Hernandez, Jr.'s  Motion to Allow Attorney Annette

Hinojosa to appear in his place at the hearing scheduled for Monday, June 23, 2003 at

1:30 p.m. in the above numbered and entitled cause of action, and the Court having read

the motion and heard the arguments of counsel is of the opinion that said Motion should

in all things be **GRANTED.**

**IT IS THEREFORE, ORDERED, ADJUDGED and DECREED** that Annette

Hinojosa is allowed to appear in place of Carlos E.  Hernandez, Jr at the hearing scheduled

for Monday, June 23, 2003 at 1:30 p.m.

**DONE in Brownsville, Texas** this _____ day of _____ 2003.

_____
U.S. District Judge Hilda Tagle

-7-

# Exhibit "A"
## Travel Itineraries

## Carlos Hernandez

| | |
|---|---|
| **From:** | CheapTickets.com [Reservations@CheapTickets.com] |
| **Sent:** | Monday, May 12, 2003 2:59 PM |
| **To:** | CARLOS.HERNANDEZJR@WORLDNET.ATT.NET |
| **Subject:** | Your Reservation Has Been Confirmed |

Cheap Tickets(SM) reference number: QWWZBI
Electronic ticket reservation number: DL QRY7VL

Dear CARLOS HERNANDEZ,

Thank you for visiting Cheap Tickets!

We are pleased to confirm your Cheap Tickets travel reservation and have provided your
Cheap Tickets reference number and electronic ticket reservation number above.

IMPORTANT INFORMATION ABOUT YOUR RESERVATION
Please take a moment to review the travel itinerary below.

For more information about your reservation, as well as the rules and restrictions
associated with it, visit our Terms of Use:
http://www.cheaptickets.com/trs/cheaptickets/content/about_us/terms.xsl

MY TRIPS
You can view your travel itinerary at any time by visiting My Trips:
http://www.cheaptickets.com/trs/cheaptickets/profile/am_profile_summary.xsl
*****************************************************************

Did you know that Cheap Tickets also has great rates on hotels and condos? Visit Cheap
Tickets to take advantage of these great rates today: http://www.cheaptickets.com/

Need a rental car?  Ride into savings with an Avis rental car from Cheap Tickets.  Book
now and save: http://www.cheaptickets.com/trs/cheaptickets/car_services/car_search.xsl?
exclusive-car-vendor=ZI

*****************************************************************

Your ticket(s) have been issued as electronic tickets (e-tickets). E-tickets are are
paperless tickets that the airlines maintain in their database. To travel with an e-
ticket,
you will need to show a valid photo identification card (i.e., a drivers license,
passport) at the check-in counter and then will be issued a boarding pass.

Due to the war and the continuing decline in demand, Delta has cancelled flights and
reduced schedules. At this time, Delta is NOT advising us of these changes, nor is it
automatically re-accommodating cancelled flights. Instead, Delta is handling its schedule
changes internally -- by contacting its passengers directly to confirm intent to travel,
and then rebooking those passengers on alternate flights.

Please verify that your contact information listed below is correct. This is the contact
information Delta will use if changes are made to your flight(s).

We also suggest that you reconfirm your flight reservation(s) directly with Delta 48 hours
prior to flight time.

DLVR: CARLOS HERNANDEZ
      654 PARKLAND DR.
      BROWNSVILLE TX
      78521
      956-546-2760

FOR: HERNANDEZ/CARLOS  REF: CHEAPTICKETS.2289260

1

HERNANDEZ/SOPHIA   REF: CHEAPTICKETS.2289260

ITINERARY

AIR - MONDAY - June 23

   Delta Airlines                     Flight: 4157      Economy Class
   This flight operated by ATLANTIC SOUTHEAST AIRLI
   Leaving: Houston Hobby Airport                  7:15AM
   Depart : Terminal Information Unavailable
   Arriving: Dallas Ft.Worth Int'l Airport         8:20AM
   Arrive : TERMINAL E
   Seat:  9C
   EQP Type: CanadaAir Regional Jet
   Status: Confirmed
     SEAT ASSIGNMENTS ARE 09C-09D

AIR - MONDAY - June 23

   Delta Airlines                     Flight: 4766      Economy Class
   This flight operated by ATLANTIC SOUTHEAST AIRLI
   Leaving: Dallas Ft.Worth Int'l Airport          9:35AM
   Depart : TERMINAL E
   Arriving: Denver International Airport           10:37AM
   Arrive : Terminal Information Unavailable
   Seat:  7C
   EQP Type: CanadaAir Regional Jet
   Status: Confirmed
     SEAT ASSIGNMENTS ARE 07C-07D

AIR - MONDAY - June 30

   Delta Airlines                     Flight: 4670      Economy Class
   This flight operated by ATLANTIC SOUTHEAST AIRLI
   Leaving: Denver International Airport            5:25PM
   Depart : Terminal Information Unavailable
   Arriving: Dallas Ft.Worth Int'l Airport         8:20PM
   Arrive : TERMINAL E
   Seat:  3C
   EQP Type: CanadaAir Regional Jet
   Status: Confirmed
     SEAT ASSIGNMENTS ARE 03C-03D

AIR - MONDAY - June 30

   Delta Airlines                     Flight: 4164      Economy Class
   This flight operated by ATLANTIC SOUTHEAST AIRLI
   Leaving: Dallas Ft.Worth Int'l Airport          9:15PM
   Depart : TERMINAL E
   Arriving: Houston Hobby Airport                  10:20PM
   Arrive : Terminal Information Unavailable
   Seat:  7B
   EQP Type: CanadaAir Regional Jet
   Status: Confirmed
     SEAT ASSIGNMENTS ARE 07B-07A

ITINERARY REMARKS

   TOTAL SERVICE AND/OR DELIVERY FEE:$10.00 USD
   TOTAL AIRLINE TICKET PRICE:$577.00 USD
   TOTAL CHARGED TO YOUR CREDIT CARD:$587.00 USD
   THE FOLLOWING PASSENGERS ARE CONFIRMED IN THIS ITINERARY:
   HERNANDEZ/CARLOS - HERNANDEZ/SOPHIA

For information about specific fare rules, visit My Trips:

http://www.cheaptickets.com/trs/cheaptickets/profile/am_profile_summary.xsl -- or call a
Travel Professional at 1.888.922.8849.
*************************************************************

SPECIAL TRAVEL OFFERS JUST FOR YOU
Have you signed up to receive our Special Travel Offers?  We will bring you travel deals
right to your desktop -- including special promotions; great airfares from your home area;
and discounts on lodging, rental cars, customized packages, and more. Sign up now:
http://www.cheaptickets.com/trs/cheaptickets/content/newsletter/signup.xsl

*************************************************************
TRAVEL INSURANCE
Did you know that Cheap Tickets has a travel insurance partner that could offer you
protection against trip cancellation penalties, travel interruptions and delays, emergency
medical expenses, lost baggage and more? Visit http://www.travelguard.com/agentlink.asp?
ta_arc=007622&ad_id=cheaptk3501&sitecolor=ccccff&cheaptickets=true
to explore your trip protection options today.

*************************************************************

IMPORTANT TRAVEL-PLANNING INFORMATION

Check-in: The airlines must follow a federally mandated law that requires them to maintain
a specific level of screening for all checked baggage.  We recommend that you check-in at
least two hours prior to departure on all domestic flights, and 3 hours prior to departure
on all international flights.  Failure to do so may result in a loss of your seat
assignment or cancellation of your reservation.  We also suggest that you reconfirm
frequent flyer numbers and/or any other special requests upon check-in.

Airport Check-in Location: The US Transportation Security Administration is now requiring
passengers traveling from some airports with certain airlines to present a boarding pass
and photo ID at security checkpoints before proceeding to the gate. Please confirm your
itinerary and check-in policies directly with your airline at least 24 hours prior to
departure.

Identification: At check-in, you must present a government-issued photo ID.

Reconfirmation: Please reconfirm all reservation(s) with the airline(s) 48 hours
prior to departure for domestic flights and 72 hours prior to departure for international
flights.  Failure to use your flight reservation(s) may result in automatic cancellation
of all continuing and return reservations.  Reconfirmation of flights is mandatory in
Hawaii, Canada, Mexico, and all other international destinations.  You must advise the
airline(s) if your travel plans change en route.

Promotional Fares: Most discount airfares involve certain restrictions. A change in
carrier(s), flight(s), time(s), date(s) or routing(s) could result in a carrier demanding
full
fare. We recommend that you obtain assistance from Cheap Tickets or the airline(s) before
making any changes to your reservation(s).

Airline Ticket Change/Cancellation Fees: Airline tickets are non-transferable and may be
nonrefundable. Fees may apply for changes and/or cancellations. If a refund or credit is
available for cancelled or unused tickets, such cancelled or unused tickets must be
returned to Cheap Tickets in order to receive the refund or credit to your account.  Lost,
stolen or destroyed tickets must be paid for until a refund is received from the issuing
carrier and may be subject to service charges. For information about specific fare rules
and/or Cheap Tickets related policies, visit Cheap Tickets:
http://www.cheaptickets.com/trs/cheaptickets/profile/am_profile_summary.xsl -- or call a
Travel Professional at 1.888.922.8849.

_____

INTERMEDIARY ACTIVITIES:
WE ARE ACTING AS AN INTERMEDIARY OR AS AN AGENT FOR SUPPLIERS IN SELLING SERVICES, OR IN
ACCEPTING RESERVATIONS OR BOOKINGS FOR SERVICES WHICH ARE NOT DIRECTLY SUPPLIED BY US
(SUCH AS AIR CARRIAGE, CAR RENTAL, HOTEL ACCOMMODATIONS, GROUND TRANSPORTATION, MEALS,
TOURS, CRUISES, ETC.). WE ARE NOT RESPONSIBLE FOR BREACH OF CONTRACT OR ANY ACTIONS OR
OMISSIONS ON THE PART OF SUCH SUPPLIERS, WHICH RESULT IN ANY LOSS, DAMAGE, DELAY OR INJURY

TO YOU AND/OR YOUR TRAVEL COMPANION(S). WE DO NOT GUARANTEE ANY OF SUCH SUPPLIERS' RATES, BOOKINGS OR RESERVATIONS. YOUR RETENTION OF TICKETS, RESERVATIONS, OR BOOKINGS AFTER ISSUANCE SHALL CONSTITUTE YOUR AGREEMENT TO THESE TERMS AND CONDITIONS, AND AN AGREEMENT ON YOUR PART TO CONVEY THE CONTENTS HEREOF TO YOUR TRAVEL COMPANION(S).
WE SHALL NOT BE HELD RESPONSIBLE FOR ANY DISRUPTION OF TRAVEL AND/OR RELATED SERVICES RESULTING FROM BANKRUPTCY OF ANY TRAVEL SUPPLIER(S) OR DUE TO MONETARY CRISIS, POLITICAL OR SOCIAL UNREST, LABOR PROBLEMS, MECHANICAL OR CONSTRUCTION DIFFICULTIES, CLIMATIC ABERRATIONS, LOCAL LAWS, DISEASES, NOVEL CONDITIONS, INCLUDING TERRORIST ACTIVITIES, AND/OR EVENTS OF "FORCE MAJEURE" (I.E., THOSE BEYOND OUR REASONABLE CONTROL). ANY CLAIM OR CAUSE OF ACTION ARISING FROM OR RELATING TO YOUR ACCESS AND USE OF OR PURCHASE OF PRODUCTS AND/OR SERVICES FROM THE SITE MUST BE BROUGHT WITHIN ONE (1) YEAR FROM THE DATE ON WHICH SUCH CLAIM OR ACTION AROSE OR ACCRUED OR PURCHASE WAS COMPLETED.

State Seller of Travel Registration Numbers: California CST 2032740-50 (registration as a seller of travel does not constitute approval by California); Florida ST-35204; Hawaii TAR-5025; Iowa 359; Nevada 2002-0259; Ohio 87 89 0291; State of Washington 601 760 010.
*************************************************************

For help with your travel plans, visit Help:
http://www.cheaptickets.com/trs/cheaptickets/content/customer_service/cs_home.xsl Or, if you need reservations assistance, email us at feedback@cheaptickets.com or call 1.888.922.8849 24/7 and press 1 to speak with a Travel Professional.

The Best Kept Secret in Travel (R)

Thanks,
The Cheap Tickets Team
http://www.cheaptickets.com

## Carlos Hernandez

| | |
|---|---|
| **From:** | Southwest Airlines [no-reply@mail.southwest.com] |
| **Sent:** | Monday, May 19, 2003 10:28 AM |
| **To:** | carlos.hernandezjr@worldnet.att.net |
| **Subject:** | Ticketless Confirmation |

```
****************** !!! IMPORTANT NOTICE !!! ******************
**                                                         **
    At a growing number of airports, Customers will need to bring
    one of the following, along with their government-issued photo
    ID, to proceed through the security checkpoint:
    1.  A Boarding Pass or
    2.  A Security Document and Itinerary/Receipt or
    3.  A Security Document and Ticket

    Customers not checking luggage may Retrieve/Print their Security
    Document beginning 6:00 AM one day prior to their flight.

    To Retrieve/Print your Security Document and for Important
    Information needed prior to traveling, visit the Travel Center
    at http://www.southwest.com/travel_center
**                                                         **
****************** RECEIPT AND ITINERARY ******************

Receipt and Itinerary as of 05/19/03 12:26PM

* * * * * * * * * * * * * * *
Confirmation Number: 8P25R5
Confirmation Date: 05/19/03
* * * * * * * * * * * * * * *

Received: SOPHIA H

Passenger(s):
HERNANDEZ/CARLOS 526-2750248780-3
Rapid Rewards Member #: 00000068381106

HERNANDEZ/SOPHIA 526-2750248784-0


Itinerary:
Sunday, June 22 - HARLINGEN TX(HRL) to HOUSTON HOBBY(HOU) Flight 30 H Depart HARLINGEN TX
(HRL) at 12:10PM and Arrive in HOUSTON HOBBY(HOU) at 01:10PM

Tuesday, July 01 - HOUSTON HOBBY(HOU) to HARLINGEN TX(HRL) Flight 17 H Depart HOUSTON
HOBBY(HOU) at 11:45AM and Arrive in HARLINGEN TX(HRL) at 12:40PM


************************** COST ************************* Total for 2 Passenger(s)
AIR: ........................$182.32
TAX: ........................$25.68
PFC: ........................$6.00
SECURITY FEE: ...............$10.00
                            _____
Total Fare:                 $224.00

********************* PAYMENT SUMMARY *********************

Current payment(s)
19MAY2003 MASTERCARD xxxxxxxxxxxx9332 Ref 526-2750248780-3 $112.00
                                  1
```

19MAY2003 MASTERCARD xxxxxxxxxxxx9332 Ref 526-2750248784-0 $112.00

Total Payments: $224.00


*********************** FARES RULE(S) *********************** VALID ONLY ON SOUTHWEST
AIRLINES
    NON REFUNDABLE/NO STANDBY

All travel involving funds from this Confirm no. must be
completed by 05/19/04

Fare Calculation:
ADT- 2 HRLWNHOU H14RNR 49.00  HOUWNHRL H14RNR 49.00     $98.00
ZPHRL HOU XFHRL3.00 HOU0.00 AYHRL2.50 HOU2.50  $112.00


BOARDING PASS DISTRIBUTION AT GATE.                        (HDQ IB)


Important:

********************* CHECKIN REQUIREMENTS ********************* Southwest Airlines
Ticketless Travel is nontransferrable.
Please provide confirmation number and government-issued photo
identification at the gate one (1) hour prior to scheduled
departure to receive a boarding pass for your flight.  If not checking luggage, simply
proceed to your departure gate.

Customer Checkin Requirement - Customers who do not claim
their reservations at the departure gate desk at least ten (10)
minutes before scheduled departure time will have their
reserved space cancelled and will not be eligible for denied
boarding compensation.

********************* INFLIGHT SERVICE ********************* Snack Service: If your
total flight itinerary includes a series
of flights that each are less than two hours in duration, you
will be served peanuts/pretzels on each flight segment. If your
itinerary includes any nonstop flight longer than two(2) hours,
you will be served a packaged snack on that flight segment.
Southwest Airlines does not serve sandwiches or meals, however,
you may bring something to eat on board.

****************** SPECIAL OFFERS ****************** Self-Service, RAPID CHECK-IN Kiosks
are now available at nearly every airport Southwest Airlines serves. For details, please
visit: http://www.southwest.com/kiosks?src=eitin031203


********************* REFUND INFORMATION ********************* For Southwest Airlines
Refund Information please visit
http://www.southwest.com/travel_center/refund_information.html

********************* CONDITIONS OF CONTRACT ********************* Southwest Airlines Co. -
Notice of Incorporated Terms -
This notice is part of the Conditions of Contract. Air
transportation by Southwest Airlines is subject to Southwest
Airlines' Passenger Contract of Carriage, the terms of which
are herein incorporated by reference.  Incorporated terms
include, but are not restricted to:

(1) Limits on liability for baggage, including fragile or
perishable goods, and availability of excess valuation
coverage.  Baggage liability is limited to $2,500 per Customer unless you purchase excess
valuation liability coverage.
Exception: Carrier will not be responsible for money, jewelry, cameras, video and
electronic equipment, including computers,

2

silverware, negotiable papers, securities, business documents, samples, items intended for sale, paintings, antiques,
artifacts, manuscripts, furs, irreplaceable books or publications, and similar valuables contained in checked or unchecked baggage.

(2) Claims restrictions, including time periods in which Customers must file a claim or sue Southwest.

(3) Our rights to change terms of the Contract.

(4) Rules on reservations, checkin times, refusal to carry, and smoking.

(5) Our rights and limits of liability for delay or failure to perform service, including schedule changes, substitution of alternate air carriers or aircraft, and rerouting.

(6) Airline flights may be overbooked. If we deny you boarding due to an oversale and you have checked in at the gate at least ten (10) minutes before scheduled departure, with few exceptions, we compensate you.

(7) Southwest reserves the right to refuse carriage to any person who is not able to produce positive identification.
You may inspect the Contract of Carriage - Customer Service Commitment, or obtain a copy by sending a request to:

Southwest Airlines Co.
VP of Customer Relations and Rapid Rewards,
P.O. Box 36647,
Love Field,
Dallas, TX 75235-1647.

*********************** PRIVACY POLICY *********************** Read about Southwest Airlines' privacy policy at www.southwest.com/traveler_info/privacy_policy.html .

Should you wish to forward or distribute this message to others, please do so only with the express permission of the passenger(s) traveling. If you are not an intended recipient or if you have received this message in error, please promptly delete this message. Thank you for your cooperation and consideration.


This is a post only mailing from Southwest Airlines regarding your flight confirmation.

Please do not attempt to respond to this message.

# Exhibit "B"
## Service Documentation



**CT** CORPORATION

February 24, 2003                                    SOP WS# 5162172

Carlos E. Hernandez, Jr.
The Law Offices of Carlos
 E. Hernandez, Jr., P.C.
2025 Central Blvd., Suite B
Brownsville, TX 78520

RE:    Arthur Larson, Pltf. Vs JOHNSON ELECTRIC AUTOMOTIVE, INC.
       TO:    **JOHNSON ELECTRIC AUTOMOTIVE, INC.**
       U. S. District Court – Southern District of Texas – Brownsville Division
       Cause No. B03038

Dear Hernandez:

Enclosed please find Summons and Complaint with Jury Request in above referenced matter received in our office on February 21, 2003 with postmark date of February 17, 2003.

Upon checking our records and the records of the Secretary of State of Texas, it has been determined that **Johnson Electric Automotive, Inc.** withdrew from doing business in the State of Texas on December 28, 2001. When a company withdraws, the designation of the registered agent is revoked and Service can no longer be accepted. According to Secretary of State, the address for the forwarding of service of process for this company is Johnson Electric Automotive, Inc, 47660 Halyard Dr., Plymouth, MI 48170

Accordingly, we are returning the document/s to your office for further disposition.

Sincerely,

*Lynne Key*

Lynne W. Key

FWD CMRRR
7002 1000 0004 8587 7986

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage | | |

Sent To
Johnson Electric Automotive, Inc.
47660 Halyard Drive
Portsmouth, MI 48170

Street, Apt. No or PO Box No
City, State, Zip

PS Form 3800                                    See Reverse for Instructions

A CCH LEGAL INFORMATION SERVICES COMPANY

**CT** CORPORATION

February 24, 2003                                    SOP WS# 5162172

Carlos E. Hernandez, Jr.
The Law Offices of Carlos
 E. Hernandez, Jr., P.C,
2025 Central Blvd., Suite B
Brownsville, TX 78520

RE:     Arthur Larson, Pltf. Vs JOHNSON ELECTRIC AUTOMOTIVE, INC.
        **TO:     JOHNSON ELECTRIC AUTOMOTIVE, INC.**
        U. S. District Court – Southern District of Texas – Brownsville Division
        Cause No. B03038

Dear Hernandez:

Enclosed please find Summons and Complaint with Jury Request in above referenced matter
received in our office on February 21, 2003 with postmark date of February 17, 2003.

Upon checking our records and the records of the Secretary of State of Texas, it has been
determined that **Johnson Electric Automotive, Inc.** withdrew from doing business in the
State of Texas on December 28, 2001. When a company withdraws, the designation of the
registered agent is revoked and Service can no longer be accepted. According to Secretary of
State, the address for the forwarding of service of process for this company is Johnson Electric
Automotive, Inc, 47660 Halyard Dr., Plymouth, MI 48170

Accordingly, we are returning the document/s to your office for further disposition.

Sincerely,

Lynne W. Key
Senior Process Specialist

**VIA FEDERAL EXPRESS (2-day)**

FWD CM RRR
7002 1800 0004 8587 7986

Enclosures

cc:     Michael N. Milby, Clerk
        U. S. District Court
        P. O. Box 5059
        McAllen, TX 78501

1021 Main Street, Suite 1150
Houston, TX 77002
Tel. 713  658  9486
Fax 713  658  9720

A CCH LEGAL INFORMATION SERVICES COMPANY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Johnson Electric Automotive, Inc.
47660 Halyard Drive
Portsmouth, MI 48170

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X C. Peterson    ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                   3/7/03

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7002 1000 0004 8587 7986

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-2509



**FedEx**

**Express**

*The World*

CT 411 (Rev. A) 250M - 12/90

IF UNABLE TO DELIVER TO ADDRESSEE
DO NOT REFORWARD
**RETURN TO SENDER**
CT Corporation System
REASON FOR RETURN

Align top of FedEx PowerShip Label here.

ORIGIN ID: LWTA  (713) 658-9486
BRAND FORD
CT CORPORATION SYSTEM
1021 MAIN ST.
SUITE 1150
HOUSTON, TX 77002

SHIP DATE: 24FEB03
SYSTEM #744281 / CAFE2124
ACTUAL WGT: 1 LBS SCALE

TO:  CARLOS E. HERNANDEZ, JR
LAW OFFICES OF CARLOS HERNANDEZ, JR
2025 CENTRAL BLVD
SUITE B
BROWNSVILLE, TX 78520

REF: SOP412900/5162172/LWK

Delivery Address Barcode (FedEx-EDR)

FedEx Revenue Barcode

TRK#  6265 4448 7274   FORM
0201

78520   —TX—US          **SE HRLA**

** 2DAY **

HRL

WED
Deliver by:
26FEB03
A2

Part # 158148-494  NRIT 12-02

Insert
airbill
here
▼

FedEx Service

# FedEx. Express

# Envelope

**Weight Limit: 8 Ounces**

## Limitation on Contents

**If the gross weight** of the contents, FedEx Envelope, and airbill exceeds eight ounces, the next higher rate will apply. Eight ounces is approximately 30 8 1/2″ x 11″ pages.

**Do not send cash or cash equivalent.**

## Declared Value / Liability Information

**For shipments within the U.S.,** the maximum declared value allowed for a FedEx Envelope is $500. The liability of FedEx for loss, damage, delay, misdelivery, or nondelivery is limited to $100 unless a higher value is declared and an extra charge paid. Shipments within the U.S. with a value greater than $500 should not be shipped in this envelope. Please refer to the *FedEx Service Guide* for more details.

**For International Shipments** by surface or air in FedEx Envelope packaging, the declared value for carriage and customs may not exceed U.S. $100 or $9.07 per pound, whichever is greater. International shipments with a value in excess of the greater of $100 or $9.07 per pound should not be shipped in this envelope. The liability of FedEx for damage, delay, or loss of international shipments by surface or air may be limited by certain treaties, including the Warsaw Convention. Please refer to the *FedEx Service Guide* or the FedEx International Air Waybill for more details.

**For more Information visit us at fedex.com**
In the U.S. call 1•800•Go•FedEx® 800-463-3339 for domestic shipments; 1-800-247-4747 for International shipments. Customers outside the U.S., call your local FedEx office.

©2000
Federal Express Corporation

155476WHrp
155476/Bulk
REV 7/02 RT


**100%
Recycled
Paperboard®**
MINIMUM 35% POST CONSUMER CONTENT



# FedEx Express

The World

Part # 156148-494  NRIT 12-02

Delivery Address Barcode (FedEx-EDR)

TRK# 6265 4448 7274 FORM
0201

** 2DAY **

78520 —TX-US

SE HRLA
HRL
A2

WED
Deliver by
26FEB03

ORIGIN ID: WHTA   (713) 659-9486
BRANDI M. FORD
CT CORPORATION SYSTEM
1021 MAIN ST
SUITE 1150
HOUSTON, TX 77002

SHIP DATE: 24FEB03
SYSTEM# 7428I / CRFE2124
ACTUAL WGT / 1 LBS SCALE

FedEx

FedEx Revenue Barcode

TO:
CARLOS E. HERNANDEZ, JR.
LAW OFFICES OF CARLOS HERNANDEZ, JR.
2820 CENTRAL BLVD.
SUITE 100
BROWNSVILLE, TX 78520

REF: SOP41290B/51821172/LUK

Align bottom of Peel and Stick Airbill here.
Select FedEx Letter or FedEx Envelope/Letter on our shipping document.

CERTIFIED MAIL

7002 1000 0004 8587 8051

The Law Offices of
Carlos E. Hernandez, Jr., P.C.
101 North 10th Street
Edinburg, Texas 78539

Johnson Electric Automotive, Inc.
c/o CT Corp.
1021 Main Street, Suite 1150
Houston, Texas 77002



## The Law Office of

# CARLOS E. HERNANDEZ, JR. P.C.

### *Attorney and Counselor at Law*
carlos.hernandezjr@worldnet.att.net

---

2025 Central Blvd., Brownsville, Texas 78520   Telephone 956.542.1485   Facsimile 956.542.0904

February 12, 2003

Mr. Juan "Butch" Barbosa
Deputy in Charge
United States District Court
P. O. Box 2299
600 E. Harrison, Room 1158
Brownsville, Texas 78520

**RE:    *Arthur Larson v. Johnson Electric Automotive, Inc.***

Dear Mr. Barbosa:

Enclosed please find for filing Plaintiff's Original Complaint and four copies of same, along with our firm's check in the amount of One Hundred Fifty Dollars and 00/100th ($150.00).

Please stamp "filed copy" on the extra copy enclosed, and return to our office in the enclosed stamped envelope.

As always, I thank you for your assistance in this matter. Should you have any questions, please do not hesitate to contact me.

Respectfully,

THE LAW OFFICES OF
CARLOS E. HERNANDEZ, JR., P.C.

By: _____
Carlos E. Hernandez, Jr.

CEH:bo

enclosures

---



THIS DOCUMENT HAS A COLORED BACKGROUND AND MICROPRINTING ON THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK

The Law Office of Carlos E. Hernandez, Jr., P.C.
Operating Account
2025 Central Blvd. Suite B
Brownsville, Texas 78520
956-542-1485

International Bank of
Brownsville, Texas
956-547-1000

88-1458/1149

3181

2/12/2003

PAY TO THE
ORDER OF    United States District Clerk

$150.00

One Hundred Fifty and 00/100 ********************************************* DOLLARS

United States District Clerk
United States District Court
600 East Harrison Rm 1158
Brownsville, Texas 78520

MEMO    Filing Fee Larson v. Johnson Electric

⑆111491158⑆: 1119516⑈01⑈3181

---

The Law Office of Carlos E. Hernandez, Jr., P.C.
Operating Account                                                    3181
United States District Clerk                    2/12/2003

        Larson v. Johnson                                        150.00
        Electric Automotive, Inc.

Operating            Filing Fee Larson v. Johnson Electric                150.00

---

The Law Office of Carlos E. Hernandez, Jr., P.C.
Operating Account                                                    3181
United States District Clerk                    2/12/2003

        Larson v. Johnson                                        150.00
        Electric Automotive, Inc.

Operating            Filing Fee Larson v. Johnson Electric                150.00

VersaCheck Form 1000 Prestige                                    Rev. 3.0

Thu Feb 13 10:57:32 2003

UNITED STATES DISTRICT COURT

HOUSTON          , TX

Receipt No.   1 117090
Cashier      gabriela

Check Number:  3181

DO Code    Div No
   4679

Sub Acct Type Tender        Amount
1:206900   N    2            60.00
2:510000   N    2            90.00

Total Amount        $     150.00

LAW OFFICE OF CARLOS HERNANDEZ 2025
Central Blvd, Ste B  B'ville, TX

Filing Fee on CA B 03-38

bn

The Law Office of Carlos E. Hernandez, Jr., P.C.
Operating Account                                           3181
    United States District Clerk

                           Larson v. Johnson          2/12/2003
                           Electric Automotive, Inc.
                                                              150.00

B-03-0381

Operating          Filing Fee Larson v. Johnson Electric              150.00

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Arthur Larson

## DEFENDANTS
Johnson Electric Automotive, Inc.

(b) County of Residence of First Listed Plaintiff      Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
        LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Carlos E. Hernandez, Jr.
The Law Offices of Carlos E. Hernandez, Jr., P.C.
2025 Central Blvd, Brownsville, Texas 78520
(956) 542-1485

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
     Plaintiff

✓ 3 Federal Question
     (U.S. Government Not a Party)

☐ 2 U.S. Government
     Defendant

☐ 4 Diversity
     (Indicate Citizenship of Parties
     in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                            and One Box for Defendant

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgement | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ✓ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | or Defendant) | Determination |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party | Under Equal Access to |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of |
| | | ☐ 550 Civil Rights | Security Act | | State Statutes |
| | | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

✓ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to
     District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Age Discrimination Employment Act 29 U.S.C. §§622, 623(a)   Family and Medical Leave Act 29 U.S.C. §2615(a)(1) and American with Disabilities Act of 1990 and other common law claims

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ✓ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):

JUDGE   Hilda G. Tagle

DOCKET NUMBER   B-03-038

DATE
02/13/03

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

AO 440 (Rev. 5/85)   Summons in a Civil Action

# United States District Court

SOUTHERN _____ DISTRICT OF _____ TEXAS

ARTHUR LARSON

v.

JOHNSON ELECTRIC AUTOMOTIVE, INC

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:  B-03-038

TO: (Name and Address of Defendant)

**JOHNSON ELECTRIC AUTOMOTIVE, INC**
**c/o CT Corp.**
**1021 Main Street, Suite 1150**
**Houston, Texas 77002**

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Carlos E. Hernandez, Jr.
THE LAW OFFICES OF CARLOS E. HERNANDEZ, JR., P.C.
2025 Central Blvd. Suite B
Brownsville, Texas 78520

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

2-13-03

CLERK

DATE

AO 440 (Rev. 5/85)  Summons in a Civil Action

# United States District Court

SOUTHERN _____ DISTRICT OF ____ **TEXAS**

ARTHUR LARSON

v.

JOHNSON ELECTRIC AUTOMOTIVE, INC

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:  **B - 03 - 038**

TO: (Name and Address of Defendant)

**JOHNSON ELECTRIC AUTOMOTIVE, INC**
**c/o CT Corp.**
**1021 Main Street, Suite 1150**
**Houston, Texas 77002**

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Carlos E.  Hernandez, Jr.
THE LAW OFFICES OF CARLOS E.  HERNANDEZ, JR., P.C.
2025 Central Blvd.  Suite B
Brownsville, Texas 78520

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

2-13-03

DATE



**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

FEB 1 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARTHUR LARSON | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-038 |
| | § | |
| | § | |
| | § | |
| | § | |
| JOHNSON ELECTRIC AUTOMOTIVE, | § | (JURY REQUESTED) |
| INC. | § | |
| **Defendant** | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, ARTHUR LARSON** (hereinafter referred to as "Plaintiff") and hereby files this his original complaint (hereinafter "complaint") complaining of JOHNSON ELECTRIC AUTOMOTIVE, INC., (hereinafter "the defendant corporation"), and would show unto the Court as follows:

### I.

### PARTIES

Plaintiff, ARTHUR LARSON is an individual who resides in Cameron County, Texas.

Defendant, JOHNSON ELECTRIC AUTOMOTIVE, INC., is a corporation duly licensed to conduct business in the State of Texas and may be served with process by serving its registered agent, CT Corp at 1021 Main St., Suite 1150, Houston, Texas 77002.

# FILE, MARK & RETURN

II.

## JURISDICTION AND VENUE

Defendant, JOHNSON ELECTRIC AUTOMOTIVE, INC. is a foreign corporation and was doing business in the Southern District of Texas at all times relevant to this lawsuit and did business in Brownsville, Cameron County, Texas that caused the incident that is the subject of this lawsuit. There is diversity of citizenship between the parties. Therefore, jurisdiction and venue are proper in the Southern District of Texas. As a proximate result of the incident, damages in excess of the minimum jurisdictional limits of this court were incurred by Plaintiff.

III.

## FACTUAL BACKGROUND

Plaintiff accepted employment with Defendant in August 1974. During employment with Defendant, the Plaintiff performed all the duties assigned to him with loyalty, dedication and hard work for a period in excess of twenty five (25) years. While in the course and scope of his employment with Defendant, the Plaintiff was diagnosed with a severe depression which seriously impaired his major life activities. Plaintiff was eventually able to return to work with restrictions. Although it was Plaintiff's ambition to have an extended career and retire with the Defendant, those ambitions were thwarted when Plaintiff was discriminatorily targeted and ultimately discharged because of his disability (mental illness) and age. Plaintiff was fired on October 31, 2001.

At the time of the Plaintiff's discharge, he was 46 years old and qualified to perform his job. Plaintiff would allege that notwithstanding Plaintiff's ability to satisfactorily perform

-2-

his job, he was discharged. Plaintiff further alleges that members outside the protected class (ages 40 - 70) and those members not suffering from a disability were treated more favorably.

Plaintiff asserts that to deny him employment on the basis of his age and disability is an illegal employment practice of which he complains.

As a result of the conduct described herein, Plaintiff ARTHUR LARSON is entitled to the damages listed below.

## IV.

## ADMINISTRATIVE PROCEDURES

Within 300 days of the occurrence of the acts complained of, Plaintiff filed his initial complaint with the Equal Employment Opportunity Commission, alleging that the Defendant employer had committed an unlawful employment practice against the Plaintiff in violation of the Americans with Disabilities Act and the Age Discrimination in Employment Act. The formal charge and the "Notice of Suit Rights" were filed and received as follows:

Formal Complaint Filed:    July 3, 2002

Notice of Suit Rights Letter Received:    November 25, 2002

On November 25, 2002, Plaintiff received from the Equal Employment Opportunity Commission, Plaintiff's Notice of Suit Rights letter allowing the Plaintiff to file this lawsuit within ninety days of its receipt. Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set

forth by law.  All conditions precedent to the filing of this lawsuit and as required by law

have been performed or have occurred.

### V.

**PLAINTIFF, ARTHUR LARSON'S CAUSE OF ACTION AGAINST
THE DEFENDANT CORPORATION:
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

Plaintiff Arthur Larson pleads a cause of action against the defendant corporation

for breach of the Americans with Disabilities Act.  The allegations contained in all of the

paragraphs of this "complaint" are hereby reaverred and realleged for all purposes and

incorporated herein with the same force and effect as is set forth verbatim.

The Plaintiff asserts that he was discriminated against on the basis of his disability

(mental illness).  As such this employee falls within a protected class under the American

with Disabilities Act of 1990.   The Defendant is an employer with at least fifteen

employees, subjecting itself to coverage under the Act.  The conduct of the Defendant

complained of constituted unlawful discrimination on the basis of the Plaintiff's disability

(mental illness).  Plaintiff asserts that members outside the protected class were treated

more favorably.  Plaintiff asserts that he was able to satisfactorily perform his job, with little

or no accommodation, if he had not been discharged.  Defendants, its agents, servants,

and employees improperly permitted such discriminatory and retaliatory conduct to exist.

As such, Plaintiff sues the corporate Defendant, for the acts of its managers, supervisors,

employees and agents.

## VI.

## PLAINTIFF, ARTHUR LARSON'S CAUSE OF ACTION AGAINST THE DEFENDANT CORPORATION: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C.

Plaintiff Arthur Larson further pleads a cause of action against the defendant corporation for breach of the Age Discrimination in Employment Act, 29 U.S.C. §§622, 623(a). The allegations contained in all of the paragraphs of this "complaint" are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as is set forth verbatim.

The Plaintiff asserts that he was discriminated against on the basis of his *age*. As such, this employee falls within a protected class (ages 40 - 70) under the Age Discrimination in Employment Act. The Defendant is an employer with at least fifteen employees, subjecting itself to coverage under the Act. The conduct of the defendant complained of constituted unlawful discrimination on the basis of the age of the Plaintiff. Plaintiff asserts that members outside the protected age class were treated more favorably. Plaintiff asserts that he was able to satisfactorily perform his job if he had not been discharged. Defendant, its agents, servants, and employees improperly permitted such discriminatory and retaliatory conduct to exist. As such, Plaintiff sues the corporate Defendant for the acts of its managers, supervisors, employees and agents.

VII.

## PLAINTIFF, ARTHUR LARSON'S CAUSE OF ACTION AGAINST THE DEFENDANT CORPORATION:
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. §2615(a)(1)

Plaintiff, Arthur Larson further pleads a cause of action against the defendant corporation for breach of the Family and Medical Leave Act states that "it shall be unlawful for any employer to interfere with, restrain or deny the exercise of, or the attempt to exercise, any right provided under the subchapter." 29 U.S.C. §2615(a)(1). Defendant Corporation committed numerous acts made illegal by this provision, ultimately leading to the termination of Plaintiff's employment with Defendant.

Defendant Corporation violated the Family and Medical Leave Act's prohibition against interference with rights afforded by the statute. At the time of his termination and before, Plaintiff had a "serious health condition" as that term is defined under the FMLA.

Plaintiff, under the statute, had twelve weeks of protected FMLA leave that he was entitled to have taken during this time of crisis in his life.

Defendant Corporation's violation of the FMLA was done with malice or with reckless disregard for the statutorily protected rights of Plaintiff. Defendant Corporation was aware of its statutory obligations and Plaintiff's rights under the statute.

In any event, the FMLA provides strict liability for violations of 29 U.S.C. §2615(a)(1). *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999). Section 2615(a)(1) of the FMLA is a strict liability provision, as to which employer's intent simply does not matter. *Nero*, 167 F.3d at 927.

-6-

The FMLA makes it unlawful "for any employer to interfere with, restain, or deny the exercise of, or the attempt to exercise, any right provided under [the FMLA]. 29 U.S.C. §2615(a)(1). The Department of Labor's regulations established that there is a particularly low threshold for determining what employer conduct might constitute interference. Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA, but discouraging an employee from using such leave. 29 C.F.R. §825.220(b).

Plaintiff sustained a "serious health condition," under the FMLA, 29 U.S.C. §2611(11), which includes "illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a healthcare provider."

The FMLA statutory benefit is a mandatory benefit. 29 U.S.C. §2612(a)(1). The leave itself is an entitlement. There is no statutory requirement that the employee request it, unless it is for a plan treatment for a serious health condition and the leave is foreseeable. 29 U.S.C. §2612(e)(2); 29 C.F.R. §825.303.

## VIII.

## PLAINTIFF ARTHUR LARSON'S CAUSE OF ACTION AGAINST THE DEFENDANT CORPORATION FOR NEGLIGENCE

Plaintiff Arthur Larson further pleads a cause of action against the defendant corporation for negligence. The allegations contained in all the paragraphs of this "complaint" are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as is set forth verbatim.

On the occasion in question, the defendant corporation owed a duty to Plaintiff Arthur Larson to exercise reasonably prudent and ordinary care in overseeing Plaintiff's

employment with the defendant corporation. The defendant corporation violated this duty by negligently investigating the facts and circumstances of Mr. Larson's discharge and by failing to act as a reasonably prudent person would have under the same or similar circumstances.

Each of the above referenced acts and omissions, singularly or in combination with others, constituted negligence that proximately caused the damages suffered by Plaintiff Arthur Larson. Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court.

## IX.

## PLAINTIFF ARTHUR LARSON'S CAUSE OF ACTION AGAINST THE DEFENDANT CORPORATION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff Arthur Larson, further pleads a cause of action against the defendant corporation for intentional infliction of emotional distress. The allegations contained in all the paragraphs of this "complaint" are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as is set forth verbatim.

As a result of the actions, omissions and policies of the defendant corporation, Plaintiff Arthur Larson has suffered or will suffer past, present and future severe emotional distress. The defendant corporation by and through its officers and directors, including but not limited to, Michael Gatt and Heather Engel, acted intentionally and recklessly; their individual and collective conduct was extreme and outrageous in that it surpassed all possible bounds of decency and is utterly intolerable in a civilized community. Further, the

actions of the defendant corporation caused the Plaintiff severe emotional distress and the outrageous conduct was committed without privilege, permission or consent.

## X.

## ACTUAL DAMAGES

As a result of the incident made the basis of this lawsuit, Plaintiff, Arthur Larson, has incurred actual damages in the following respects:

### Lost Earnings and Special Damages:

At the time of the incident complained of, Plaintiff, Arthur Larson, was gainfully employed. As a proximate result of the wrongful and fraudulent acts of the Defendant corporation, Plaintiff, Arthur Larson, was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues. As a result of the wrongful and fraudulent acts of the Defendant corporation, Plaintiff's earnings, retirement and capacity to earn a livelihood were severely impaired and such wrongful acts of the Defendant corporation have damaged the Plaintiff's reputation. In all reasonable probability, Plaintiff's loss of earnings, loss of earning capacity and damage to his credit reputation will continue long into the future, if not for the balance of Plaintiff's natural life. Plaintiff therefore sues for any lost earnings, in the form of back pay, lost wages, lost over-time, lost commissions, lost pay raises, lost profit sharing, lost stock options, front pay, annual vacation pay, loss of the capacity to enjoy life, retirement benefits, health coverage, fringe benefits, lost future earnings and/or diminished earning capacity, to the extent permitted by law, and loss of credit reputation due to the acts complained of above.

## Past and Future Mental Anguish

As a result of the incidents described above, that is made the basis of this suit, and to the extent not inconsistent with theories and remedies alleged herein, Plaintiff, Arthur Larson, has suffered physical injury as well as severe mental pain and anguish. Plaintiff, Arthur Larson, has suffered feelings of anxiety, worthlessness, embarrassment, and inferiority. Plaintiff, Arthur Larson, has further suffered ill-effects including, but not limited to, sleeplessness, loss of self esteem, and depression due to his termination. In all reasonable probability, Plaintiff, Arthur Larson, will continue to suffer such severe mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life.

## XI.

## PUNITIVE/EXEMPLARY DAMAGES

As a consequence of the foregoing clear and convincing facts and the willful and malicious nature of the wrongs committed against Plaintiff Arthur Larson, Plaintiff is entitled to exemplary damages in excess of the minimum jurisdictional limits of this Court. The conduct of the Defendant corporation, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of spite, ill-will, fraudulent and malicious intent held by the Defendant corporation towards the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to Plaintiff. Accordingly, the Defendant corporation acted with malice, actual malice and/or a specific intent to injure the Plaintiff. Plaintiff, Arthur Larson, is hereby entitled to recover

-10-

exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant corporation and its management in the future.  Accordingly, Plaintiff, Arthur Larson, requests that punitive damages be awarded against the Defendant corporation as a result of its egregious violations of the law.

## XII.

## ATTORNEY'S FEES

By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary.  In this connection, Plaintiff will show that he has employed the undersigned attorney to assist him in the prosecution of this action. Plaintiff further seeks an upward adjustment or enhancement to the loadstar amount of attorney's fees to be determined in the prosecution of this lawsuit.  A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts.  If ultimately successful in this case, plaintiff fully expects that the defendant will appeal this case.  Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit , both at trial and on appeal.  Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and/or law clerks that assist in the prosecution of the case.  As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

### XIII.

### EXEMPLARY DAMAGES

The conduct of the Defendant was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of spite, ill will and malicious intent held by the defendant's management towards the Plaintiff, such management acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff. The defendant accordingly acted with malice, actual malice and/or specific intent to injure the Plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the defendant as a result of their egregious violations of the law.

### XIV.

### JURY DEMAND

Plaintiff Arthur Larson, requests that this Court empanel a lawful jury to hear this case.

### XV.

### RESERVATION OF RIGHTS

Plaintiff Arthur Larson specifically reserves the right to bring additional causes of action against the defendant corporation and to amend this "complaint" as necessary.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff ARTHUR LARSON prays that the Defendant Corporation be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of the Plaintiff against Defendant in an amount in excess of the minimum jurisdictional limits of this Court, for compensatory damages, punitive damages, reasonable attorney's fees, reasonable paralegal fees, cost of Court and pre and post judgment interest at the highest rate allowed by law, and also enter an order revoking any license enabling the Defendant Corporation to operate in Texas and revoking any certificate authorizing the Defendant to do business in Texas if any judgment rendered in this case has not been satisfied within three months from the date of filing of the final judgment.  Additionally, Plaintiff Arthur Larson prays for such other and further relief, general or special, at law or in equity, to which he may be justly entitled to received.

Signed ____ February 2003

Respectfully submitted,

**THE LAW OFFICES OF**
**CARLOS E. HERNANDEZ, JR., P.C.**
2025 Central Blvd, Suite B
Brownsville, Texas 78520
Telephone: (956) 542-1485
Facsimile: (956) 542-0904

By:_____
Carlos E. Hernandez, Jr.
State Bar No. 00787681
Federal Bar No. 17022

Attorneys for Plaintiff
Arthur Larson

-13-