United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUL 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARTHUR LARSON | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-038 |
| | § | |
| JOHNSON ELECTRIC | § | |
| AUTOMOTIVE, INC. | § | |

## DEFENDANT'S MOTION TO DISMISS
## FOR INSUFFICIENT SERVICE OF PROCESS AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Johnson Electric Automotive, Inc. (hereinafter referred to as "Defendant" or "Johnson Electric") files this Motion to Dismiss for Insufficient Service of Process pursuant to 12(b)(5) and respectfully shows the Court as follows:

### I. Nature of the Motion

1.     Plaintiff's attempted service of process was insufficient; therefore, the Court does not have jurisdiction over Defendant and should dismiss the suit. Plaintiff did not timely attempt or complete service by mailing a copy of the complaint to Defendant, a corporation, that was addressed to a president, vice-president or registered agent of Defendant as required by TEX. BUS. CORP. ANN. ACT. art. 8.10 (Vernon 1997), or otherwise comply with any requirements under Texas State law to serve an out-of-state corporate defendant. *See* FED. R. CIV. P. 4(e) (incorporating state law for service). Based on the insufficiency of the service of process, the Court should dismiss the suit.

2.     The service of process in this case was not achieved within 120 days of filing the complaint as required by FED. R. CIV. P. 4(m) and there is no evidence of any diligence on the part

C0089846.WPD:

of Plaintiff to effect proper service; therefore, the Court should dismiss the suit. The complaint was filed on February 13, 2003. One hundred twenty (120) days from February 13, 2003 is June 13, 2003. Service on Defendant was not achieved by June 13, 2003. <u>In fact, Defendant remains unserved</u> and Plaintiff admits a lack of diligence in service. Thus, the suit should be dismissed for failure to serve process within the period required by law.

## II. Facts

3.      Suit was filed against Defendant and the Summons in a civil action was prepared on February 13, 2003. (Plaintiff's Motion to Appear for Attorney in Charge at 2).

4.      On February 17, 2003, Plaintiff forwarded via certified mail to C.T. Corporation the executed Summons, along with a copy of the lawsuit. *Id.*

5.      C.T. Corporation received the Summons and Complaint on or about February 21, 2003 and on February 24, 2003 wrote to Plaintiff's counsel informing him that Defendant withdrew from doing business in the State of Texas on December 28, 2001. *Id.* C.T. Corporation was no longer Defendant's registered agent and was unable to accept service of process. *Id.* The letter explained that the address for forwarding of service of process for Defendant was 47660 Halyard Drive, Plymouth, MI 48170. *Id.* The letter does not attempt to tell Plaintiff on whom service is to be brought. *Id.* Plaintiff received the package containing the original Summons and Complaint and the letter from C.T. Corporation on Wednesday, February 26, 2003. *Id.* at 3.

6.      On or about Monday, March 3, 2003 Plaintiff's counsel forwarded the original Summons and Complaint via certified mail, return receipt requested, No. 7002 1000 0004 8587 7986, to "Johnson Electric Automotive, Inc., 47660 Halyard Drive, Plymouth, MI 48170." *Id.*

C0089846.WPD:                          -2-

7.     The certified mail was not addressed to a president, vice-president, or registered agent, or any other identifiable person associated with Defendant. (Plaintiff's Motion to Appear for Attorney in Charge at Exhibit B, page 3).

### III. Rule 12(b)(5) Defenses

**Texas law requires that service on a foreign corporation be made by mailing a copy of the Summons and Complaint to the president, any vice-president or a registered agent of the corporation. Plaintiff did not comply with Texas law, therefore, Plaintiff's attempted service of process is insufficient and the case should be dismissed.**

8.     Plaintiff's attempted service of process was insufficient, therefore, the Court should dismiss the suit. *See Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996); *see Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985).

9.     Plaintiff did not comply with any requirements under Texas State law to serve an out-of-state corporate defendant. *See* FED. R. CIV. P. 4(e) (incorporating state law for service).

10.    To obtain jurisdiction over a foreign corporation, the record must show strict compliance with provided method of service. *Bankers Life and Casualty Co. v. Watson*, 436 S.W.2d 404, 407 (Tex.Civ.App.–Tyler 1969, writ ref. n.r.e.). Pursuant to Texas law, the president, all vice-presidents and the registered agents of a foreign corporation are the only proper persons to be served with process. TEX. BUS. CORP. ACT § 8.10 (Vernon 2003)[1]; *Infra-Pak (Dallas), Inc. v. Narmour*, 852 S.W.2d 565, 567 (Tex.App.–Dallas 1992, no writ) (service of process on a foreign corporation is through its president, any vice-president or its registered agent for service of process).

---

[1] Plaintiff makes no allegation that service was attempted on the Texas Secretary of State. *See* TEX. BUS. CORP. ACT § 8.10 B.

11.    Service by mail is quick, convenient, and inexpensive, however, it is subject to abuse, thus the well-considered requirements of the rules, designed to assure that mail service will be adequate, are not to be disregarded with impunity. *Norlock v. City of Garland*, 768 F.2d 654, 655 (5th Cir. 1985). Furthermore, failure of the record to affirmatively show strict compliance with the rules of civil procedure will render the attempted service invalid and of no effect. *Autozone, Inc. v. Duenes*, 2003 WL 21402508 (Tex.App.–Corpus Christi 2003, no pet. h.).

12.    Plaintiff mailed a copy of the complaint to Defendant, a corporation, by certified mail but did not address the mailing to a president, vice-president or registered agent of the Defendant as required by TEX. BUS. CORP. ANN. ACT. art. 8.10 (Vernon 2003). *See* Plaintiff's Motion to Appear for Attorney in Charge at Exhibit B, page 3. If service is made on a foreign corporation, there must an affirmative showing that the person served was, in fact, a proper agent for service of process. *Massachusetts Newton Buying Corp. v. Huber*, 788 S.W.2d 100, 103 (Tex.App.–Houston [14[th] Dist.] 1990, no writ); *see also Boltes v. Entex*, 158 F.R.D. 110, 113 (S.D. Tex. 1994) (attempted service of process was defective because plaintiff left a copy of the summons and return of service with a security guard of the defendant corporation). A trial court does not obtain in personum jurisdiction over a foreign corporation unless the person signing the return receipt is an authorized agent for service. *Bronze & Beautiful, Inc. v. Malone*, 750 S.W.2d 28, 29 (Tex.App.–Texarkana 1988, no writ). Plaintiff's motion and attached exhibits do not establish that service was perfected on Defendant.[2] In fact, Plaintiff's motion and attached exhibits demonstrate that no service was even

---

[2] Plaintiff's motion does not even meet the requirements for proof of service under federal law. Federal law requires that proof of service must be in the form of an affidavit by the person making the service. FED. R. CIV. P. 4(l).

C0089846.WPD:                                        -4-

attempted on any corporate officer, much less the president or vice-president of Defendant corporation.

13.     Furthermore, Defendant objects to this "service" because Plaintiff's documents fail to show that process was served by a disinterested person as required by the Texas Rules of Civil Procedure. TEX. R. CIV. P. 103 ("No person who is a party to or interested in the outcome of a suit shall serve any process.") Plaintiff is required to affirmatively show strict compliance with the rules of civil procedure and failed to do so.

14.     Based on the insufficiency of the service of process and Plaintiff's failure in his <u>one attempt</u> to meet the requirements of law, the court should dismiss the suit.

**<u>Plaintiff failed to serve, or be diligent in attempting to serve, Defendant within 120 days of the filing of the Complaint as required by FED. R. CIV. P. 4(m), thus Plaintiff's lawsuit should be dismissed.</u>**

15.     FED. R. CIV. P. 4(m) requires a Plaintiff to complete service within 120 days of filing their complaint or face dismissal without prejudice. The rule is intended to force parties and their attorneys to be diligent in prosecuting their causes of action. *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985).

16.     Plaintiff's Complaint was filed on February 13, 2003. Plaintiff was made aware of Defendant's address, at the latest, on February 26, 2003. <u>Plaintiff's only "attempt" to serve the Defendant was a March 3, 2003 mailing</u> to Defendant corporation with no designated recipient.

17.     The rules for service on foreign corporations are straight forward and not complex. TEX. BUS. CORP. ACT art. 8.10 states succinctly:

C0089846.WPD:                                          -5-

> The president and all vice presidents of a foreign corporation authorized to transact business in this State and the registered agent so appointed by a foreign corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served.

Ignorance may be an explanation, but is not an excuse, and failure to read the rules related to service are the antithesis of a reason sufficient to prevent dismissal of the suit for failure to serve the Defendant within 120 days of the filing of the complaint. *Tuke v. United States of America*, 76 F.3d 155, 156 (7th Cir. 1996). Plaintiff's counsel clearly did not make a diligent effort at educating himself with regard to the service rules that require such a mailing to be addressed and delivered to a president, vice-president or registered agent of the Defendant corporation. FED. R. CIV. P. 4(m).

18.    Moreover, it is settled law that it is insufficient to affect service by simply addressing the summary and complaint to an address. Delivery of an inadequately addressed mailing to a secretary of the Defendant is not sufficient to meet the requirements for proper service of Defendant. *See Boltes* at 113 (delivery of the summons and return of service to a security guard at the defendant corporation is not proper service); *see also* C. Patterson Affidavit attached as Exhibit A. Plaintiff's counsel admits no further attempts to serve Defendant corporation were made, thus demonstrating a profound lack of diligence on Plaintiff's part in his efforts to serve Defendant. *See* Plaintiff's Motion to Appear for Attorney in Charge, pages 2, 3). One hundred twenty (120) days from February 13, 2003 is June 13, 2003. As discussed above, service on the Defendant was not achieved by June 13, 2003. In fact, Defendant remains unserved.

19.    Inadvertence of Plaintiff's counsel to properly and timely serve is not sufficient to prevent dismissal of the action for failure to serve Defendant within the 120 day time limit. *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); *see also e.g., Tso v. Delaney*, 969 F.2d 373, 376

(7th Cir. 1992) (simple attorney neglect cannot serve as a basis to prevent dismissal of suit due to failure to serve Defendant within 120 days of the filing of the original complaint); *United States of America v. Texas Dep't of Health*, 2002 WL 511483 (S.D. Tex. 2002) (simple inadvertence or mistake of counsel or ignorance of the rules do not suffice and the court may dismiss the cause without prejudice).[3]

20.     Plaintiff's one attempt at service of process was insufficient. Defendant was not properly served within 120 days of the filing of the complaint as required by the federal rules; therefore, the Court should dismiss the suit. FED. R. CIV. P. 4(m); *see also Norlock v. City of Garland*, 768 F.2d 654, 655 (5th Cir. 1985) (court dismissed suit without prejudice because plaintiff had not perfected service within 120 days after filing the complaint); *Boltes v. Entex*, 158 F.R.D. 110, 113 (S.D. Tex. 1994) (court dismissed suit for failure to properly serve defendant corporation where only attempt at service was delivery of the summons and return of service to a security guard at the defendant corporation); *Elmore v. Georgia Com South*, 2003 WL 158875 *1 (N.D. Tex. 2003) (court dismissed suit when 120 days had passed since filing of the lawsuit and plaintiff had not identified a corporate representative to accept service on behalf of defendant); *Zermeno v. McDonnell Douglas Corp.*, 246 F.Supp. 2d 646, 666 (S.D. Tex. 2003) (court may dismiss an action

---

[3] Similarly, Plaintiff's counsel's allegations in Plaintiff's Motion to Appear for Attorney in Charge and Motion for Continuance that he did not know the hearing was scheduled for June 23, 2003 at 1:30 p.m. is not a sufficient reason for the suit not to be dismissed for failure to serve process within 120 days of the original filing of the complaint. According to the court's docket, an Order Setting Conference was issued on February 13, 2003 that stated the date and time of the hearing, as well as the requirement that Plaintiff "must serve defendant within 120 days of filing the complaint" and "failure to file a proof of service within that time may result in dismissal . . . " Reviewing the docket for this case shows the date and time of the hearing Plaintiff claims he did not know about. Counsel's failure to properly calendar is not a sufficient reason not to dismiss the lawsuit for failure to serve. *See Wei* at 372. Additionally, counsel's lack of knowledge of the federal rules does not excuse the failure to timely serve the Defendant. *See Tuke* at 156.

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing has been served by certified mail, return receipt requested on the following counsel-in-charge on this *30* day of June, 2003.

Mr. Carlos E. Hernandez, Jr.
The Law Offices of Carlos E. Hernandez, Jr., P.C.
202 S. Central Blvd., Suite B
Brownsville, Texas 78520

**C. M. No. 7002 3150 0001 6583 5136**
**RETURN RECEIPT REQUESTED**

_____

Keith B. Sieczkowski

C0089846.WPD:

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the above and foregoing has been served by certified mail, return receipt requested on the following counsel-in-charge on this *30* day of June, 2003.

Mr. Carlos E. Hernandez, Jr.                    **C. M. No. 7002 3150 0001 6583 5136**
The Law Offices of Carlos E. Hernandez, Jr., P.C.   **RETURN RECEIPT REQUESTED**
202 S. Central Blvd., Suite B
Brownsville, Texas 78520

_____
Keith B. Sieczkowski

C0089846.WPD:                                        -9-

without prejudice for plaintiff's failure to serve defendant within 120 days of filing the complaint).

## IV.  Conclusion

Plaintiff has not properly served Defendant and therefore the Court does not have jurisdiction over Defendant and the matter should be dismissed.  Plaintiff has not shown any attempt at proper service and the record is devoid of any evidence of diligence to bring proper service.  Therefore, this matter should be dismissed.

## V.  Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the suit be dismissed and that Defendant recovers its costs herein expended.

Respectfully submitted,

MATTHEWS & BRANSCOMB
A Professional Corporation
802 North Carancahua, Suite 1900
Corpus Christi, Texas  78470-0700
Telephone: (361) 888-9261
Facsimile: (361) 888-8504

By _____
   Keith B. Sieczkowski
   TSB No. 18341650
   Fed. I.D. No. 17118

ATTORNEYS FOR DEFENDANT
JOHNSON ELECTRIC AUTOMOTIVE, INC.

## SWORN STATEMENT OF CARMEN PETERSON

My name is Carmen Peterson. I am an hourly paid employee (receptionist / secretary) of Johnson Electric Automotive, Inc. I am not an officer, manager, supervisor, director, or agent of the Company. It is my signature that is on the attached certified mail receipt. I do not recall what was in the envelope for which the receipt was executed. The receipt is not addressed to anyone and I do not know to whom I might have forwarded it. There are no presidents, vice-presidents or officers of the Company located at the address provided on the certified mail receipt. There is also no registered agent for service of process located at the location.

I swear under the penalty of perjury that the above statement is true and correct and of my own personal knowledge.

Carmen Peterson

C0089987.DOC

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Johnson Electric Automotive, Inc.
47660 Halyard Drive
Portsmouth, MI 48170

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X C. Peterson
☐ Agent
☐ Addressee

B. Received by ( Printed Name)

C. Date of Delivery
3/7/03

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7002 1000 0004 8587 7986

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509