United States District Court
Southern District of Texas
FILED

JUL 1 5 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ARTHUR LARSON** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. B-03-038 |
| | § | |
| | § | |
| | § | |
| **JOHNSON ELECTRIC** | § | |
| **AUTOMOTIVE, INC.** | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF ARTHUR LARSON'S OPPOSITION TO DEFENDANT
JOHNSON ELECTRIC AUTOMOTIVE INC'S MOTION TO DISMISS
FOR INSUFFICIENT SERVICE OF PROCESS**

**TO THE HONORABLE JUDGE TAGLE:**

**PLAINTIFF, ARTHUR LARSON** (hereinafter referred to as "Plaintiff" or "Arthur Larson") hereby timely files this his Motion in Opposition to Defendant's Motion to Dismiss for Insufficient Service of Process pursuant to Fed. R. Civ. P. 12 (b) (5). Additionally, Plaintiff Arthur Larson contemporaneously files herewith his Motion to Enlarge Time to Serve Defendant, and would respectfully show unto the Court as follows:

I.

**NATURE OF THE MOTION**

1.  Rule 4 (m) of Federal Rules of Civil Procedure requires service of the summons and the complaint on the defendant "within one hundred and twenty days after the filing of the complaint...." Fed R. Civ. P. 4 (m). This Rule authorizes dismissal if

service is not effected in a timely fashion and the Plaintiff cannot show good cause for the delay. *Lambert v. United States,* 44 F.3d 296, 299(5th Cir.1995); *Kreimerman v. Casa Veerkamp, S. A. de C.V.*, 22 F. 3d 634, 645 (5th Cir.), *cert. denied,* 513 U.S. 1016, 115 S. Ct. 577, 130 L.Ed. 2d 492 (1994) (citation omitted ). According to the Fifth Circuit, "[I] f good cause is present, the district court *must* extend time for service. Even if good cause does not exist, the court *may, in its discretion,* decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown* 91 F.3d 20, 21 (5th Cir. 1996).

2.   "[W] hen the time to effect service has expired, the party attempting service has the burden of demonstrating "good cause" for failure to serve the opposing party" *Kreimerman*, 22 F.3d. at 645.

## II.

## FACTUAL BACKGROUND

3.   Plaintiff Arthur Larson has sufficiently demonstrated "good cause" in that on or about February 13, 2003, counsel for Plaintiff called the Texas Secretary of State at (512) 463-5555 and requested information for the registered agent for Johnson Electric Automotive, Inc. On February 13, 2003, counsel for Arthur Larson was informed by an authorized representative of the Texas Secretary of State that the appropriate registered agent for the defendant corporation was CT Corporation located at 1021 Main St., Houston, Texas 77002.

4.   After properly serving the designated registered agent for the defendant corporation at the address filed with the Texas Secretary of State's office, the registered

agent wrote plaintiff's counsel on February 24, 2003 informing him that the defendant withdrew from doing business in the State of Texas on or about December 28, 2001.

5. Shortly thereafter plaintiff's counsel again contacted the Texas Secretary of State to verify registered agent information for Johnson Electric Automotive, Inc. Again in late February or early March, 2003, plaintiff's counsel was again informed by the Texas Secretary of State that the appropriate registered agent for Johnson Electric Automotive, Inc. was still C. T. Corporation located at 1021 Main St., Houston, Texas 77002.

6. In any event, and in an abundance of caution, upon receipt of a forwarding address from C.T. Corporation with respect to Johnson Electric Automotive, Inc., Plaintiff's counsel proceeded to forward the service of process to the defendant corporation at 47660 Halyard Dr. Plymouth, MI 48170. Of notable significance, the letter from CT Corporation did not provide any information with respect to any officers or directors of the Defendant corporation, but rather merely provided a generic forwarding address. Furthermore, the Texas Secretary of State did not maintain any listings of any Officers and/or Directors as of July 2, 2003.

7. Plaintiff's counsel received the package containing the original summons and complaint along with a letter from CT Corporation on Wednesday, February 26, 2003. On or about Monday, March 3, 2003 plaintiff's counsel forwarded the original summons and complaint via certified mail, return receipt requested, No. 7002 1000 0004 8587 7986 to "Johnson Electric Automotive, Inc., 47660 Halyard Dr. Plymouth, MI 48170" as directed by CT Corporation.

8. On or about July 1, 2003, at the hearing to show cause, plaintiff's counsel informed the Court that the information he had received from the Texas Secretary of State

and the information received from CT Corporation demonstrated a conflict as to the identity of the Registered Agent for the defendant corporation. Plaintiff's counsel then contacted the Texas Secretary of State for the third time. On the morning of July 2, 2003, plaintiff's counsel contacted the Texas Secretary of State and asked for appropriate service information for Johnson Electric Automotive, Inc. Plaintiff's counsel was again informed by the office of the Texas Secretary of State that the appropriate registered agent for Johnson Electric Automotive, Inc. was still the CT Corporation located at 1021 Main St., Houston, Texas 77002.

9.  At approximately 1:00 pm, counsel for plaintiff contacted counsel for defendant, Keith B. Sieczkowski and informed him that the Texas Secretary of State was still listing CT Corporation located at 1021 Main St., Houston, Texas 77002 as the proper registered agent for Johnson Electric Automotive, Inc.

10. Counsel for the Defendant corporation then contacted the Texas Secretary of State to ascertain why CT Corporation was still listed as the appropriate registered agent for service for Defendant Johnson Electric Automotive, Inc. Defense counsel learned through the Texas Secretary of State's office that incorrect service information was being provided to the public due to an internal error at the Secretary of State's office.

11. At approximately 3:26 p.m., on July 2, 2003, counsel for Arthur Larson again called the Office of the Texas Secretary of State for approximately the fourth time and recorded this call in order to establish on record the information being provided by the Secretary of State. On July 2, 2003, counsel for plaintiff was informed for the first time by the Texas Secretary of State that CT Corporation was not in fact the appropriate registered agent for Johnson Electric Automotive, Inc. and that Johnson Electric Automotive, Inc. had

withdrawn from doing business in the State of Texas on December 28, 2001. A true and correct copy of the telephone conference with the Secretary of State is hereby attached as Exhibit "A". Additionally, a typed transcript of that telephone conversation is being provided to the Court as Exhibit "B".

12. Based on the foregoing information, Plaintiff Arthur Larson has demonstrated "good cause" to this Honorable Court and respectfully requests that this court allow an extension of time in which to properly serve this defendant should the Court determine that appropriate service on the defendant is lacking. Additionally, Plaintiff's counsel would further show that the only information provided by the Texas Secretary of State on July 2, 2003 at 3:26 p.m. was a Forwarding Address and when counsel specifically questioned the Secretary of State for information pertaining to officer and/or director information for the corporation, the Texas Secretary of State responded that no such information was on file.

13. Plaintiff Arthur Larson would further show unto this court that no previous extensions to serve the defendant corporation have been made and in this regard, plaintiff's counsel would direct the attention of the Court to the case of *McGuire v. Turnbo*, 137 F.3d 321, 323 (5th Cir. 1998) wherein the Fifth Circuit opinion noted that the district court below had previously granted McGuire *several extensions* and warned McGuire that if she did not file proof of service, any claims against unserved defendants would be dismissed.

14. By contrast, Arthur Larson would show that any alleged failure to serve the defendant occurred as a result of mistake and/or accident and was based on incorrect information provided by the Texas Secretary of State. Under Rule 6 (b) (2), a court may

extend the 120 day period where failure to serve has resulted from *excusable neglect*. Fed. R. Civ. P. 6(b)(2).

### III.

### ARGUMENT & AUTHORITIES

15.   If service on the summons and complaint is not made upon or defendant within 120 days after the filing of the complaint, the court shall dismiss the action without prejudice *or direct that service be effected within a specified time, provided that if the plaintiff shows good cause for the failure, the court **shall** extend the time for service for an appropriate period.* Fed. R.Civ.P. 4(m).

16.   The appropriate standard of review for dismissal for failure to effect timely service of process is an abuse of discretion standard. *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (*per curiam*).  The Fifth Circuit Court of Appeals has held that "[t]o establish 'good cause,' the plaintiff must demonstrate at least as much as would be required to show *excusable neglect*, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Peters*, 9 F.3d at 345.  Upon a showing of good cause, the district court "***shall** extend the time for service for an appropriate period.*" Fed. R. Civ. P. 4(m).

17.   The United States Supreme Court and the Fifth Circuit Court of Appeals have recently held that the 1993 amendments to Rule 4 also permit a court to extend the time for service *even if no good cause is shown*.  See *Henderson v. United States*, 517 U.S. 654, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996); *Thompson v. Brown*, 91f.3d 20, 21 (5th Cir. 1996).  By advancing this argument and authority, Plaintiff's counsel does not concede

that he does not have "good cause", but rather, Plaintiff's counsel cites these cases to illustrate to the Court that even in situations where there was no "good cause" demonstrated, the courts have routinely exercised equity as to not harm the justiciable claims sought by the Plaintiff.

18.   What amounts to "good cause" under any particular set of circumstances is necessarily fact intensive. Under Rule 4 (m), when a plaintiff fails to serve a defendant within the 120-day period, the district court has two choices; it may either "dismiss the action without prejudice... *'or direct that service be effected within a specified time'."* Fed.R. Civ.P.4(m)(emphasis added). Additionally, the Rule qualifies the district court's choices, *making an extension of time mandatory* when the plaintiff shows good cause.

19.   As a result of the Rule change, when a district court entertains a motion to extend time for service, it must first determine whether "good cause" exists. If "good cause" is present, the district **must** extend time for service. If "good cause" does not exist, the court **may, in it discretion,** decide whether to dismiss the case without prejudice or extend time for service. See generally, *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305-06 (3rd Cir. 1995) (discussing the procedure a district court must adopt under the amended Rule).

20.   Plaintiff Arthur Larson and his counsel contend that service should be considered effective in this instance because counsel has the procedural right to rely upon the information provided by the designated state governmental agency, the Texas Secretary of State. Alternatively, Plaintiff's counsel asserts that "good cause" exists to extend the 120 day deadline due to the fact that the Office of the Texas Secretary of State

up until July 2, 2003 still listed CT Corporation as the appropriate registered agent for Johnson Electric Automotive, Inc. Arguing in the alternative once again, Plaintiff Arthur Larson and his counsel, while not conceding the issue, respectfully explain that due to the unusual circumstances of this case, this court does not necessarily have to affirmatively find "good cause" to equitably extend time for service.

21. The plaintiff bears the burden of showing "good cause". *Hickman v. U. G. Lively*, 897 F.Supp. 955, 959 (S.D.Tex.1995)(citing *Kersh v. Derozier*, 851 F.2d 1509,1512 (5th Cir.1988). "Good cause" is more than simple inadvertence, mistake or ignorance. *Id.* (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "Good cause... would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake or counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith' on the parties seeking enlargement and some reasonable basis for noncompliance within the time specified" is normally required." *Kersh*, 851 F.2d at 1512. "Good cause", at a minimum, means excusable neglect, and a plaintiff also may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed. *Hickman*, 897 F.Supp. at 959 (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991). "The excusable neglect standard is a strict one... requiring more than mere ignorance." *Kersh*, 851 F.2d at 1512.

22. Applying the law to the facts of this case, Plaintiff Arthur Larson may be severely prejudiced if his case were to be dismissed due to the exhaustion of

administrative deadlines that accompany Title VII and other employment related claims. This fact alone suggests that there is "good cause" for enlarging the time for Plaintiff Arthur Larson to serve defendant Johnson Electric Automotive, Inc.

23. Support for Plaintiff Arthur Larson's Motion for Additional Time to Effect Service on Defendant Johnson Electric Automotive, Inc. includes the fact that counsel for Plaintiff Arthur Larson attempted to serve Johnson Electric Automotive, Inc. twice and that numerous calls were made to the Office of the Texas Secretary of State to effectuate proper service on the Defendant. More importantly, at the "Show Cause" hearing on July 1, 2003, defense counsel, Keith B. Sieczkowski, showed Plaintiff's counsel a copy of Plaintiff's Original Complaint that was faxed from CT Corporation to Johnson Electric Automotive, Inc. with a facsimile transmission date of March 2003, as evidenced by the date and facsimile time stamp on the copy of plaintiff's original complaint.

24. Additionally, Plaintiff Arthur Larson did not delay in seeking an enlargement of time to effect service after defendant Johnson Electric Automotive, Inc. claimed that service was allegedly defective. Moreover, since Defendant Johnson Electric Automotive, Inc. has had actual notice of this lawsuit since March 2003, it is difficult, if not impossible, for the Defendant to be prejudiced in any way if plaintiff were granted an extension of time to serve process.

25. The facts as outlined herein respectfully demonstrate that "good cause" exists for extending the time for Arthur Larson to serve process on Defendant Johnson Electric Automotive, Inc. In the alternative, Arthur Larson respectfully requests that this Court equitably exercise its discretion to extend the time for service.

26.     In light of the absence of any previous motions for extension time in which to serve the Defendant and in the absence of any compelling evidence that plaintiff counsel's alleged tardiness has in any way prejudiced Defendant Johnson Electric Automotive, Inc., Plaintiff Arthur Larson respectfully requests that this Court deny the Defendant corporation's Motion to Dismiss its Claims against Johnson Electric Automotive, Inc. and that the Court grant Plaintiff's Motion for Enlargement of Time to Serve Defendant Johnson Electric Automotive, Inc.

**WHEREFORE,** Arthur Larson Plaintiff prays that the Defendant corporation's Motion to Dismiss for Insufficient Service of Process be denied and that the Court grant Plaintiff's Motion for Enlargement of Time to Serve Defendant Johnson Electric Automotive, Inc. Additionally, Plaintiff Arthur Larson prays for such other and further relief, at law or in equity, to which he may be justly entitled to receive.

Respectfully submitted,

**THE LAW OFFICES OF
CARLOS E. HERNANDEZ, JR., P.C.**
2025 Central Blvd, Suite B
Brownsville, Texas 78520
Telephone: (956) 542-1485
Facsimile: (956) 542-0904

By: _____
Carlos E. Hernandez, Jr.
State Bar No. 00787681
Federal Bar No. 17022

Attorneys for Plaintiff
Arthur Larson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served by certified mail, return receipt requested on the following counsel -in -charge on this ___14th___ day of July, 2003.

**VIA CMRRR 7002 2410 0007 1672 5734**
**and by Facsimile (361) 888-8504**

Keith B. Sieczkowski
Matthews & Branscomb
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470-0700

_____
Carlos E. Hernandez, Jr.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTHUR LARSON<br>　　　Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. B-03-038 |
| JOHNSON ELECTRIC<br>AUTOMOTIVE, INC.,<br>　　　Defendant | §<br>§<br>§<br>§ | |

### ORDER DENYING JOHNSON ELECTRIC AUTOMOTIVE, INC.'S
### MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

ON THIS DAY, came to be considered Defendant Johnson Electric Automotive, Inc.'s Motion to Dismiss for Insufficient Service of Process. After considering the motion, the response and arguments of counsel, the court

**DENIES** the motion and orders the following:

**IT IS ORDERED** that Plaintiff ARTHUR LARSON is granted sixty (60) days from the date of this order to perfect service on Defendant Johnson Electric Automotive, Inc.

SIGNED this _____ day of _____, 2003.

　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

## VERIFICATION

THE STATE OF TEXAS   *

COUNTY OF CAMERON   *

BEFORE ME, the undersigned Authority, on this day personally appeared CARLOS E. HERNANDEZ, JR., a person known to me, who after being by me duly sworn, deposed and said:

"My name is CARLOS E. HERNANDEZ, JR. I am counsel for the Plaintiff in this case. I am over the age of twenty-one (21) and otherwise competent to make this verification.

"I have read the foregoing motion and all factual statements are true and correct.

_____
CARLOS E. HERNANDEZ, JR.

SWORN TO AND SUBSCRIBED before me by the said CARLOS E. HERNANDEZ, JR., on this the 14th day of July, 2003, to certify which witness my hand and seal of office.

_____
Notary Public In and For
The State of Texas



-12-



TRANSCRIPT OF TELEPHONE CONVERSATION BETWEEN
TEXAS SECRETARY OF STATE AND
CARLOS E. HERNANDEZ, JR.
REGARDING REGISTERED AGENT
INFORMATION ON JOHNSON ELECTRIC AUTOMOTIVE, INC.

July 2, 2003

Time: 3:26 pm

| | |
|---|---|
| CEH: | Carlos E. Hernandez, Jr. |
| SOS: | Texas Secretary of State |

| | |
|---|---|
| CEH; | Caroline, I would like some information please on a corporation. |
| SOS: | Yes Sir |

| | |
|---|---|
| CEH: | It's called Johnson Electric Automotive Inc, |
| SOS: | One moment, Yes sir I do have a Johnson Electric Automotive Inc. |

| | |
|---|---|
| CEH; | Is that in Texas? |
| SOS: | It's a Delaware Corporation |

| | |
|---|---|
| CEH: | Okay and can you give me the registered agent, please? |
| SOS: | CT Corporation system |

| | |
|---|---|
| CEH: | And where's the address for CT Corporation system? |
| SOS: | Their address oh that's strange that just can't be correct let me see what happened to them here, oh the agent didn't get changed what happened is it withdrew from Texas on 12-28-01. |

| | |
|---|---|
| CEH; | Okay |
| SOS: | So they no longer have an agent so CT should have been removed and we didn't remove it. |

| | |
|---|---|
| CEH; | Okay on December 28, 2001 it should have been removed? |
| SOS: | Yes sir. |



| | |
|---|---|
| CEH; | What is the address your showing for CT Corporation today? |
| SOS: | That address sir, I have the address that they gave us for Johnson Electric in Michigan |
| | |
| CEH; | Okay when did that change take place? |
| SOS: | At the same date they withdrew. |
| | |
| CEH: | What address would that be? |
| SOS: | In care of Johnson Electric Automotive, Inc. |
| | |
| CEH: | Where would I send that? |
| SOS: | 47660 Halyard Drive in Plymouth Michigan 48170 |
| | |
| CEH: | Thank you very much do have any other information on them? |
| SOS: | We have a business address before the withdrawal in Brownsville, Texas |
| | |
| CEH: | Okay and what address is that? |
| SOS: | 904 Billy Mitchell Blvd. Brownsville |
| | |
| CEH: | Okay, do you have any listings for the officers or directors? |
| SOS: | No sir |
| | |
| CEH: | Okay, thank you very much I appreciate it. |
| SOS: | You're welcome. |
| | |
| CEH: | Goodbye |

July 2, 2003

Time 3:37pm