United States District Court
Southern District of Texas
FILED

JUL 2 1 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTHUR LARSON | § § § | |
| vs. | § § | CIVIL ACTION NO. B-03-038 |
| JOHNSON ELECTRIC AUTOMOTIVE, INC. | § § § | |

**JOHNSON ELECTRIC AUTOMOTIVE, INC.'S RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND OBJECTION TO PROFFERED EVIDENCE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Johnson Electric Automotive, Inc. ("Johnson Electric") and files this response to Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss and Objection to Proffered Evidence, and respectfully shows the following:

**I.**

**NATURE OF RESPONSE**

1. Johnson Electric agrees that Plaintiff, having failed to timely serve Johnson Electric, has the burden to <u>prove</u> at minimum "excusable neglect" in failing to timely serve. Johnson Electric hereby objects to Plaintiff's submitted tape and transcription (Exhibits A and B to Plaintiff's Opposition) because it is unauthenticated, unsworn, and hearsay.

2. The essence of Plaintiff's opposition is that <u>despite knowing affirmatively that C.T. Corporation was not the authorized agent for service of process for Johnson Electric, Plaintiff continued to treat it as such</u>. After his first attempt at service was unsuccessful, <u>Plaintiff has never attempted proper service pursuant to any rule governing service</u>. Plaintiff's failure

C0093633.DOC

does not amount to "excusable neglect" nor does it reach the standard of good cause for failing to timely serve.

## II.

## BRIEF SUMMARY OF FACTS[1]

3.  Johnson Electric is a foreign corporation that ceased doing business in Texas in December 2001. It has no registered agent for service of process in Texas and is not required to have one. TEX. BUS. CORP. ACT. § 8.05 (Vernon 2003) (registered agent necessary if doing business in state). Johnson Electric has never been served process in this case. The following dates are relevant:

| | |
|---|---|
| December 28, 2001 – | Johnson Electric Automotive, Inc. ceases doing business in Texas |
| February 13, 2003 – | Plaintiff files lawsuit |
| February 17, 2003 – | Plaintiff attempts service on C.T. Corp. |
| February 24, 2003 – | Plaintiff is notified that C.T. Corp. *is not* registered agent for Johnson Electric and that *Johnson Electric ceased doing business in Texas more than a year ago.* |
| March 3, 2003 – | Plaintiff sends the summons and complaint to Johnson Electric in Plymouth, Michigan without addressing it to anyone. |
| June 13, 2003 – | 120 day clock expires |
| Present – | Johnson Electric remains unserved. |

4.  Despite acknowledging in his Opposition that he was aware that C.T. Corporation would not accept service (Opposition at ¶ 4), Plaintiff never attempted any service on Johnson Electric pursuant to any means authorized by statute. There is no evidence or assertion that

---

[1] The facts are not admitted, but are assumed true for the sake of this motion.

C0093633.DOC 2

Plaintiff used any diligence in identifying Johnson Electric's officers for service of process, their location, the Company's state of incorporation, or principal place of business. Rather, according to Plaintiff's Opposition, Plaintiff's counsel twice called the Texas Secretary of State to seek registered agent information, but apparently never advised the clerk that the Company no longer did business in Texas. (Opposition at ¶¶ 5 and 8). Notably, one of these contacts did not occur until <u>after</u> the 120-day deadline had passed and this Court ordered Plaintiff to show cause why a return of service had not been filed. (Opposition at ¶ 8 and June 26 Order setting show cause hearing).

### III.

### ARGUMENTS AND AUTHORITIES

5. Plaintiff contends that he has established "good cause" for failing to timely serve as required by this Court because he relied on information from a clerk at the Texas Secretary of State's office regarding the agent for service of process. (Opposition at ¶ 20). Plaintiff's contention is unavailing because (1) reliance on information from the Secretary of State does not constitute a basis for failure to timely serve; and (2) having had actual notice that C.T. Corp. was not the registered agent of Johnson Electric, Plaintiff's continued reliance on such information, particularly without advising the "clerk" that the Company was no longer doing business in Texas, is not "excusable neglect."

6. Failing to properly serve a defendant based on information obtained from the Secretary of State's office does not excuse timely and proper service on a defendant. *See generally Matthews Trucking Co., Inc. v. Smith*, 682 S.W.2d 237, 238 (Tex. 1985) (attorney's reliance on Secretary of State's office for corporate defendant information does not toll limitations); *see also Petrucelli v. Bohringer and Ratzinger GMBH*, 46 F.3d 1298, 1306-07 (3rd

Cir. 1995) (reliance on verbal assurances from Secretary of State's office is not excusable). Consequently, Plaintiff's repeated urging to the Court that he has established good cause for failing to timely serve due to information from a clerk at the Secretary of State's office is unpersuasive.

7.   Moreover, Plaintiff's purported continued reliance on misinformation[2] from the Secretary of State's office <u>after being told affirmatively that C.T. Corp. was not the agent for service</u> does not amount to excusable neglect. According to Plaintiff's explanation of events, despite knowing that C.T. Corp. was not the registered agent for service of process, (*compare* Opposition at ¶ 4 *and* Plaintiff's Motion to Appear for Attorney-in-Charge, ¶ II and Exhibit A thereto *with* Opposition ¶ 20) he nevertheless, and without explanation, continued to rely on such service. <u>Notably, Plaintiff did not attempt alternate service even one time</u>.

8.   Good cause requires a demonstration of good faith and a <u>reasonable</u> basis for noncompliance. *Nanyonga v. INS*, 200 F.R.D. 503, 506 (M.D. PA. 2001) (applying wrong rule for service is not good cause or excusable neglect). There is absolutely no evidence that Plaintiff ever consulted the rules regarding proper service, that Plaintiff ever attempted to determine the place of incorporation to identify appropriate officers for proper service, or that Plaintiff ever consulted Michigan law to determine service under that state's procedures. In short, all Plaintiff did to attempt service was to serve C.T. Corp., then after knowing this attempt was inadequate, he merely mailed documents to a business office with no identifiable recipient. *See, e.g., Id.* (inadvertence, half-hearted efforts, or reliance on third parties is not sufficient).

---

[2] Indeed, it appears that the misinformation provided by the Secretary of State may have been avoided if Plaintiff had simply indicated that Johnson Electric was no longer doing business in Texas.

9. Plaintiff's action does not establish a reasonable basis for non-compliance. *TSO v. Delaney*, 969 F.2d 373, 376 (7th Cir. 1992) (a reasonably diligent attorney would have attempted service by other means). Plaintiff's single attempt at <u>mail service, which did not comport with the rules</u>, does not establish "good cause" and does not warrant an extension of time. *Hurt v. Smith*, 67 F.Supp. 2d 675, 684-85 (E.D.Tex. 1999); *see also Petrucelli*, 46 F.3d at 1307 (attorney's failure to act with reasonable care and diligence when he did not receive a return acknowledgment of service is not good cause). Plaintiff's actions do not amount to excusable neglect but rather evince disregard for compliance with the Rules of Civil Procedure and due process.

WHEREFORE, PREMISES CONSIDERED, Johnson Electric Automotive, Inc. requests that its objection to Plaintiff's Exhibits to his Opposition to Motion to Dismiss be GRANTED and that said Exhibits be stricken. Johnson Electric further requests that its Motion to Dismiss be GRANTED, and that Johnson Electric be provided its costs and fees in pursuing this dismissal, and such other and further relief as may be entitled.

Respectfully submitted,

MATTHEWS & BRANSCOMB
A Professional Corporation
802 North Carancahua, Suite 1900
Corpus Christi, Texas 78470-0700
Telephone: (361) 888-9261
Facsimile: (361) 888-8504

By _____
Keith B. Sieczkowski
TSB No. 18341650
Fed. I.D. No. 17118

ATTORNEYS FOR JOHNSON
ELECTRIC AUTOMOTIVE, INC.

## CERTIFICATE OF SERVICE

    I do hereby certify that a true and correct copy of the above and foregoing has been served by facsimile and certified mail, return receipt requested on the following counsel-in-charge on this 18th day of July, 2003.

| | |
|---|---|
| Mr. Carlos E. Hernandez, Jr.<br>Law Offices of Carlos E. Hernandez, Jr., P.C.<br>2025 Central Blvd., Suite B<br>Brownsville, Texas 78520 | **C. M. No. 7002 3150 0001 6583 5242**<br>**RETURN RECEIPT REQUESTED**<br><br>_____<br>Keith B. Sieczkowski |