IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTHUR LARSON | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-03-038 |
| | § | |
| JOHNSON ELECTRIC | § | |
| AUTOMOTIVE, INC. | § | |

United States District Court
Southern District of Texas
FILED

JUL 2 1 2003

Michael N. Milby
Clerk of Court

### RESPONSE TO PLAINTIFF'S MOTION TO ENLARGE TIME IN WHICH TO SERVE

TO THE HONORABLE JUDGE OF SAID COURT:

Johnson Electric Automotive, Inc. ("Johnson Electric") files this Response to Plaintiff's Motion to Enlarge Time in Which to Serve and respectfully shows the following:

**I.**

1. Plaintiff's deadline for serving Defendants in this matter expired on June 13, 2003. Plaintiff has failed in his burden to establish good cause for failing to timely serve.[1] Moreover, Plaintiff has never received a return of service and so has been constantly aware of the lack of service.

2. Despite being aware that no service has been obtained, Plaintiff failed to seek an extension of time to serve prior to the expiration of 120 days. There was no basis for the request for extension then, and there is none now.

---

[1] *See* Johnson Electric's Motion to Dismiss and Response to Plaintiff's Opposition which are incorporated herein for all purposes.

C0093823.DOC

3.    Plaintiff cannot show excusable neglect or even inadvertence in failing to serve so as to justify an extension. *See* Johnson Electric's Motion to Dismiss *and* Response to Plaintiff's Opposition. As reflected in his opposition to Johnson Electric's Motion to Dismiss, Plaintiff was fully cognizant of the lack of service and yet did not attempt alternate service or take any other action to serve. *Compare* Opposition at ¶ 6 (mailing summons and pleadings to an undesignated recipient) *with Boltes v. Entex*, 158 F.R.D. 110, 113 (S.D.Tex. 1994) (dismissal proper where only service was on security guard) *and* TEX. BUS. CORP. ACT. § 8.10 (Vernon 2003) (service required on corporate president). Yet, Plaintiff fully knew of the deadline. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer Invest. Servs. Co. v. Brunswick Assocs., L.P.*, 113 S.Ct. 1489, 1496 (1993).

4.    Furthermore, the fact that refusing to allow an extension of time may have an affect on Plaintiff's claims should not automatically result in an extension. Failure to timely serve should not be "without consequence." *Powell v. Starwelt*, 866 F.2d 964, 966 (7th Cir. 1989) (dismissal under 4(m) is without prejudice not without consequence); *see also Redding v. Essex Crane Rental Corp. of Ala.*, 752 F.2d 1077 (5th Cir. 1985) (right to refile under 4(m) is not without the consequences of time defenses). In light of Plaintiff's failure to establish good cause for failing to serve, the Court has discretion as to whether an extension should be granted. Fed. R. 4(m); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Where as in this case, only limited attempt at service was made, counsel was aware of the lack of service, and failed to timely request an extension in which to serve denial of the request for extension is appropriate. *Hunt v. Smith*, 67 F.Supp. 2d 675, 685 (E.D. Tex. 1999).

WHEREFORE, PREMISES CONSIDERED, Johnson Electric Automotive, Inc. requests that Plaintiff's Motion to Enlarge Time in Which to Serve be DENIED and that Johnson Electric

be awarded all of its attorneys' fees and costs relating to Plaintiff's failure to timely serve, and award Johnson Electric such other and further relief to which it may be entitled.

                Respectfully submitted,

                MATTHEWS & BRANSCOMB
                A Professional Corporation
                802 North Carancahua, Suite 1900
                Corpus Christi, Texas 78470-0700
                Telephone: (361) 888-9261
                Facsimile: (361) 888-8504

By _____
                Keith B. Sieczkowski
                TSB No. 18341650
                Fed. I.D. No. 17118

                ATTORNEYS FOR JOHNSON
                ELECTRIC AUTOMOTIVE, INC.

## CERTIFICATE OF SERVICE

     I do hereby certify that a true and correct copy of the above and foregoing has been served by facsimile and certified mail, return receipt requested on the following counsel-in-charge on this 18th day of July, 2003.

| | |
|---|---|
| Mr. Carlos E. Hernandez, Jr. | C. M. No. 7002 3150 0001 6583 5242 |
| Law Offices of Carlos E. Hernandez, Jr., P.C. | **RETURN RECEIPT REQUESTED** |
| 2025 Central Blvd., Suite B | |
| Brownsville, Texas 78520 | |

_____
Keith B. Sieczkowski

C0093823.DOC